## ROSS *v.* LETTICE.

An act of the General Assembly which creates a new obligation and imposes a new duty in respect to transactions or considerations already past is retroactive in character, and in violation of art. 1, sec. 3, par. 2, of the constitution (Civil Code, § 5730), which forbids the General Assembly to pass a retroactive law.

AUGUST 9, 1910.

Petition for mandamus. Before Judge Felton. Bibb superior court. November 10, 1909.

*J. E. Hall* and *John P. Ross,* for plaintiff.

*Guerry, Hall & Roberts,* for defendant.

EVANS, P. J. In 1871 the General Assembly created the road board of Bibb county, conferring upon that body ministerial authority over clearing and working the legally established public roads. The fiscal affairs of Bibb county are looked after by the

county board of commissioners, and that board has also jurisdiction to lay out and establish a public road. The county board of commissioners established a public road, directing it to be entered upon the register of public roads, to be worked by the county road forces. The road board refused to obey this order, and certain citizens of Bibb county filed an application for mandamus against them to compel obedience to such order. The road board employed Mr. Ross, an attorney at law, to resist the application for mandamus. His defense was successful. *Green* v. *Road Board of Bibb County*, 126 *Ga.* 693 (56 S. E. 59). Mr. Ross presented a bill for his fees to the proper authorities of Bibb county, who refused to audit and pay the demand; and suit was instituted, which resulted in favor of the county. Thereupon the General Assembly passed an act authorizing and directing Bibb County to pay Mr. Ross's fee, and certain expenses incurred by him in the litigation. The county commissioners, after the passage of this act, approved the demand and issued a warrant to the treasurer for its payment. The treasurer refused to pay the warrant, and Mr. Ross applied for a mandamus to compel him. The court refused to grant a mandamus absolute, and exception is taken.

At the time of the enactment of the act of 1909 it had been adjudicated that Mr. Ross was not entitled to receive from the county's revenues compensation for defending the road board in certain litigation. This adjudication was based on the lack of power in the road board to employ counsel at the county's expense to defend the board in a mandamus proceeding instituted by citizens of the county to compel it to open and work a road purporting to have been established by order of the county board of commissioners. *Ross* v. *Bibb County*, 130 *Ga.* 585 (61 S. E. 465). Whatever right Mr. Ross may now have against the county to collect his fee and certain expenses must spring from the act of 1909. By the terms of the act Bibb County "is authorized and directed to pay to John P. Ross, of said county, the sum of seven hundred and fifty ($750) dollars for attorney's fee incurred by the road board of Bibb county in the case of John C. Green and T. B. West *vs.* The Road Board of Bibb County, petition for mandamus, in the superior court of Bibb county, and fourteen dollars and seventy-five cents ($14.75) for costs incurred by said road board and advanced by him on a cross-bill of exceptions in said case." Acts of 1909, p. 377. This

act is assailed as being void, because violative of art. 1, sec. 2, par. 2, of the constitution (Civil Code, § 5730), which declares that "No bill of attainder, ex post facto law, retroactive law, or law impairing the obligation of contracts, or making irrevocable grants of special privileges or immunities, shall be passed." Manifestly the act is retrospective and intended to confer not only power upon the county to pay the fee, but to create a liability against the county which theretofore did not exist. In construing a similar provision in the Texas constitution, the Supreme Court of that State said that "retrospection within the meaning of the constitution would be to give a right where none before existed, and by relation back to the party the benefit of it." Southerland *v.* DeLeon, 1 Texas, 250 (46 Am. D. 101). A statute is retroactive in its legal sense which creates a new obligation on transactions or considerations already past, or destroys or impairs vested rights. A statute does not operate retrospectively because it relates to antecedent facts, but if it is intended to affect transactions which occurred or rights which accrued before it became operative as such, and which ascribe to them essentially different effects, in view of the law at the time of their occurrence, it is retroactive in character. Hasbrouck *v.* Milwaukee, 13 Wis. 39 (80 Am. D. 718); Evans *v.* Denver, 26 Colo. 193; Chicago B. & Q. Railroad Co. *v.* State, 47 Neb. 549 (41 L. R. A. 481, 66 N. W. 624, 53 Am. St. R. 557); State *v.* Whittlesey, 17 Wash. 447 (50 Pac. 119); Maxwell *v.* Goetschius, 40 N. J. L. 383 (29 Am. R. 242). Mr. Justice Story in the case of the Society for Propagating the Gospel *v.* Wheeler, 2 Gall. 139 (Fed. Cas. 13156), thus defines a retroactive law: "Upon principle every statue which takes away or impairs vested rights acquired under existing laws or creates a new obligation, imposes a new duty, or attaches a new liability in respect to transactions or considerations already past, must be deemed retrospective." This definition has been adopted in Raisden *v.* Holden, 15 Ohio St. 207, and Sturges *v.* Carter, 114 U. S. 511 (5 Sup. Ct. 1014, 29 L. ed. 240). The design of the act is to create a new obligation and to impose a new duty in respect to a transaction or consideration already past, and under the overwhelming weight of authority such a statute is retroactive. The constitution forbids the General Assembly to pass retroactive laws, and the act of 1909 comes within the prohibition.

The statute was attacked as offending other provisions of the constitution, and special facts were pleaded in bar of the plaintiff's remedy; but in view of our holding that the act of 1909 is unconstitutional because it is retroactive, it becomes unnecessary to discuss the other features of the case.

*Judgment affirmed. Beck, J., absent. The other Justices concur.*