### HOME ACCIDENT INSURANCE CO. *et al.* v. McNAIR.

No. 8322.   OCTOBER 15, 1931.

*Brock, Sparks & Russell,* for plaintiffs in error.

*George H. Carswell, Victor Davidson,* and *John J. McCreary,* contra.

HINES, J. ■ What force and effect must be given to an award of the industrial commission granting to an employee compensation for the total loss of the use of a leg under section 32(r) of the workmen's compensation act, as amended, in a proceeding afterwards brought by the employer to review such award upon the ground of a change in condition of the employee? Such an award is not a final and conclusive adjudication in favor of the right of the employee to recover the weekly amounts of compensation therein granted him for the number of weeks therein specified. Such an award is subject to review by the industrial commission upon the application of either the employer or the employee whenever either brings himself within the terms of section 45 of this act. By this section the industrial commission can upon its own motion before judicial determination, or upon the application of any party at interest on the ground of a change in condition, at any time review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum and minimum provided in the act; but "No such review shall affect such award as regards any moneys paid." Ga. L. 1920, pp. 167, 191; 9 Park's Code Supp. 1922, § 3154(ss). Such an award is binding and conclusive on both the employer and the employee in all respects except as provided in the above provisions of this act. The right to review such award is not unlimited. Jurisdiction of the commission to review is based upon certain conditions precedent. In the first place, there must be a change in the condition of the employee before a proceeding can be instituted to review the award. In the second place, no such review can affect such award as regards any moneys paid

thereunder. In the last place, the commission on review can not make an award ending, diminishing, or increasing the compensation previously awarded, except subject to the maximum and minimum compensation provided in this act. In all other respects the award concludes both the employer and the employee, and is res adjudicata as to their rights. So on review the industrial commission can not make a retroactive award to become effective as of the date of the original award. It can not treat moneys paid under the original award as compensating the employee for compensation awarded on review, on the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee for a permanent partial loss of capacity from the date of the original award to the date of the rendition of the award on review. It is not the purpose of section 45 of this act to abolish entirely the doctrine of res adjudicata; but it was intended to relieve the parties from this doctrine in the particular instances named therein. The ruling of the Court of Appeals in *South* v. *Indemnity Insurance Co.*, 39 *Ga. App.* 47 (supra), states the true applicable principle of law. So we are of the opinion that the commission, upon review of the first award, could not treat the compensation which was actually paid to the employee under the first award as a payment of the total amount of compensation due the employee for the partial loss of the use of his member, and deny further compensation. We are further of the opinion that the employee, in addition to the payments made under the original award for total disability, is entitled to additional compensation to be paid for the partial permanent loss of the use of his leg for the number of weeks remaining of the term for which the employee had received compensation under the original award for total disability.

The foregoing answers the first part of the question propounded by the Court of Appeals.

■ Section 30 of said act provides for compensation for a total disability. It is as follows: "When the incapacity for work resulting from any injury is total, the employer shall pay, or cause to be paid . . the employee during such total incapacity, a weekly compensation equal to one half of his average wages, but not more than fifteen dollars per week nor less than four dollars per week, except when the weekly wage is below four dollars, then

the regular weekly wages on the date of the accident shall be the weekly amount paid; and in no case shall the period covered by such compensation be greater than 350 weeks, nor shall the total amount of compensation exceed $5,000.00." The only portion of this section which is pertinent to our present inquiry is the maximum and minimum limitation of the compensation to be paid the employee thereunder. It is to be noted that this provision fixes the maximum and minimum compensation to be paid during total disability. Section 32 of this act is as follows: "In the cases included by the following schedule, the permanent partial industrial handicap, in each case, shall be compensated by payments for the period specified, and the compensation so paid for such handicap shall be as specified, and shall be in lieu of all other compensation for the permanent partial handicap. In addition to the compensation provided in the schedule for permanent partial handicap, compensation for total incapacity for work, as provided in section 30, shall be paid, but compensation for total incapacity for work shall in no case be paid for a period longer than ten weeks . . for the loss of a leg, fifty per centum of the average weekly wages during one hundred and seventy-five weeks. . . The compensation for partial loss of or partial loss of use of a member . . shall be such proportion of the payments above prescribed for total loss as such partial loss bears to total loss. . . The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30." This section deals with two kinds of disabilities. The first is permanent partial industrial handicaps. The second is total incapacity for work. Under this section permanent partial industrial handicaps shall be compensated by payments for the periods specified. The compensation for such handicaps shall be as specified; and the compensation shall be in lieu of all other compensation. Under this section total incapacity for work shall be compensated as provided in section 30 of this act; but compensation for such total incapacity for work shall in no case be paid for a period longer than ten weeks. So in construing this section we must bear in mind the two classes of injuries for which compensation is provided. As we have stated, compensation is provided for permanent partial handicaps; and compensation is provided for total incapacity for work.

Under the schedule embraced in this section, compensation for the loss of a leg or for the loss of the use of a leg is fifty per cent. of the average weekly wages earned by the employee during a period of one hundred and seventy-five weeks. The compensation for the partial loss of the use of a leg is such proportion of the payments specified for total loss as such partial loss bears to the total loss. Thus we have the compensation to be paid for a partial industrial handicap definitely and clearly specified. Then this section declares that the compensation to be paid for such handicap shall be as thus specified. Then we have the provision that this compensation shall be in lieu of all other compensation for permanent partial handicaps. We then have the compensation for the loss of a leg definitely fixed, this compensation being fifty per cent. of the average weekly wages of the employee during one hundred and seventy-five weeks. Then the compensation of the employee for the partial loss of the use of a leg is likewise definitely specified. This compensation is such proportion of the payments specified for total loss as the partial loss bears to the total loss. If this section stopped here, we would have no difficulty in passing upon the question involved. It would be clear that the employee, under the facts of this case, would not be entitled to a weekly payment of $4 for the partial loss of the use of his leg; but would be entitled only to $3 per week for such handicap. But it is insisted that the provision that "The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30" changes the compensation of an employee for a partial permanent industrial handicap as first fixed in this section.

Does this limitation apply to both classes of injuries for which this section provides? In other words, does it apply both to compensation for total incapacity for work and for partial permanent loss of the use of a member, such as a leg? We are of the opinion that this limitation is applicable only in fixing the compensation of an employee for total incapacity for work, and is not applicable in fixing the compensation of the employee for a permanent partial handicap, such as the partial loss of the use of a leg. By the terms of this section the limitation therein prescribed is expressly declared to be the same as the limitation as to maximum and minimum compensation as that set out in section 30.

The limitation in section 30 is expressly made applicable in fixing compensation for incapacity for work, resulting from an injury which is total. Section 32 makes the same limitation applicable thereunder. This section expressly declares that "The weekly compensation payments referred to in this section shall be subject to the same limitations as to maximum and minimum as set out in section 30." As we have seen, the limitations under section 30 apply only in cases of total incapacity for work. So, to make the limitation embraced in section 32 the same as that set out in section 30, we must apply it in fixing compensation for total incapacity for work under section 32. As section 32 provides for compensation for the loss of a leg or the loss of the use of a leg, this limitation therein must be confined to compensation for such injury, and not to a case in which compensation for only a partial loss of the use of a leg is involved. Otherwise the compensation for the partial industrial handicap under this section would not be in lieu of all other compensation for such injury, as this section expressly provides that it shall be. Furthermore, the compensation provided under the application of this limitation would not be such proportion of the payments above specified for total loss as such partial loss bears to the total loss. On the contrary the compensation would be larger than that recoverable under such proportion. We answer in the negative the second part of the question propounded by the Court of Appeals.

*All the Justices concur.*