GENERAL ACCIDENT, FIRE, AND LIFE ASSURANCE
CORPORATION *et al. v.* BEATTY.

No. 8323.   February 10, 1932.

*E. B. Lovell* and *Connerat & Hunter*, for plaintiffs in error.

*Bouhan & Atkinson*, contra.

RUSSELL, C. J. ■ The answer to the first question, as stated in headnote 1 and in subdivisions (a), (b), and (c) thereof, requires no elaboration.

■ The answer to the second question seems to be controlled by the ruling of this court in *Home Accident Ins. Co.* v. *McNair,* 173 *Ga.* 566 (161 S. E. 131), in which the questions of the Court of Appeals concerned a total loss of the use ·óf a· member. In this case we held, of course, that, under the provisions of section 32 (r) of the workmen's compensation act (Ga. L. 1920, pp. 167, 185), the awards of the industrial commission are subject to review by that body wherever there has been a change in the condition of the employee. On such review by the commission that body is authorized to make another and different award. In the *McNair* case it was held: "Where such change has taken place, the award on review must be made subject to the maximum and minimum compensation provided by this act, and it can not affect the original award as to any moneys paid thereunder." So we hold, in answering the second question propounded in this case, that an employee who has been awarded compensation for the loss of two toes "other than a great toe" is not precluded from afterwards receiving compensation for the partial loss of the use of his foot, as provided in section 32 (n) of the workmen's compensation act, where the injury from the loss of the toes, and for which compensation had already been awarded, and other injuries in the foot arising out of the same accident which caused the loss of the toes, concur in causing the partial loss of the use of the foot. This conclusion would not be affected "even if the loss of the toes was not a contributing cause of the partial loss

of the use of his foot." The "provision in the first award made by the industrial commission in its approval of the agreement between the employer and the employee, whereby the employee was awarded compensation for the loss of his toes, that the award is made on 'the condition that in case of additional loss or loss of use of the foot this award would be increased'" may indicate that the commission had in contemplation the probability or possibility of "additional loss or loss of the use of the foot," in which event the commission in its judgment might see fit, upon review, to increase the award being made at that time. But, irrespective of this, the industrial commission can not treat the moneys paid under the original award as compensating the employee for compensation awarded him on review, upon the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee at the time of the review, and as judged by the facts and circumstances shown to exist at that time. *Home Accident Ins. Co.* v. *McNair,* supra. After the employee had been awarded compensation for the loss of his toes, as indicated in the facts stated in the second question, and there is a review of this award by the industrial commission on the ground of a change in condition, and the commission finds that he is entitled to additional compensation for the partial loss of the use of his foot, the weekly amounts the employee has already received or which have been awarded to him under the former award for the loss of his toes can not be charged against the weekly amounts payable to him for the partial loss of the use of his foot. In other words, the 125 weeks compensation for the partial loss of the use of the foot, as provided in section 32(n) of the workmen's compensation act, can not be reduced by the number of weeks which may have been paid for the loss of the toes. Even though the employee has been paid the compensation awarded him for the loss of his toes, he is none the less entitled to compensation for the partial loss of the use of the foot for the entire 125 weeks provided therefor under section 32(n). Section 45 of the workmen's compensation law (Ga. L. 1920, pp. 167, 191-192), provides: "That upon its own motion before judicial determination, or upon the application of any party in interest on the ground of a change in condition, the industrial commission may at any time review any award or any settlement made between the parties and filed with the commission, and

on such review may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum and minimum provided in this act. . . No such review shall affect such award as regards any moneys paid." Construing this provision of the act, we held in the *McNair* case: "On review, the industrial commission can not make a retroactive award to be effective as of the date of the original award; and can not treat money as paid under the original award as compensating the employee for compensation awarded to him on review, upon the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee for a permanent partial loss of capacity from the date of the original award to the date of the rendition of the award on review." In delivering the opinion of the court, Mr. Justice Hines said: "The right to review such award is not unlimited. Jurisdiction of the commission to review is based upon certain conditions precedent. In the first place, there must be a change in the condition of the employee before a proceeding can be instituted to review the award. In the second place, no such review can affect such award as regards any moneys paid thereunder. In the last place, the commission on review can not make an award ending, diminishing, or increasing the compensation previously awarded, except subject to the maximum and minimum compensation provided in this act. . . So on review the industrial commission can not make a retroactive award to become effective as of the date of the original award. It can not treat money paid under the original award as compensating the employee for compensation awarded on review, on the theory that the compensation received under the original award was sufficient to pay the compensation which would be due the employee for a permanent partial loss of capacity from the date of the original award to the date of the rendition of the award on review. It is not the purpose of section 45 of this act to abolish entirely the doctrine of res adjudicata; but it was intended to relieve the parties from this doctrine in the particular instances named therein. The ruling of the Court of Appeals in *South* v. *Indemnity Ins. Co.,* 39 *Ga. App.* 47 (146 S. E. 45), states the true applicable principle of law."

■ The answer as contained in the third headnote does not require elaboration. However, it may be said, by way of illustra-

tion, that section 32(n) of the workmen's compensation act prescribes a compensation "for the loss of a foot, fifty per centum of the average weekly wages during one hundred and twenty-five weeks." It is stated in the question that one half the average weekly wages of the employee is $5.25, and that the disability to the foot is not total, but only amounts to 40%. It will readily be seen that this amounts to $2.10 per week for 125 weeks.

*All the Justices concur.*