*Gavin D. McKay, William Y. Atkinson,* for defendant.

20716. GENERAL ACCIDENT, FIRE AND LIFE ASSURANCE CORPORATION *et al. v.* BEATTY.

STEPHENS, J. 1. Where an employee received an injury causing the loss of two toes, for which he was afterwards awarded compensation as provided in section 32 (i) of the workmen's compensation act for the loss of a toe (Ga. L. 1920, p. 167), and as a result of the injury he suffered, in addition to the loss of the two toes, a partial disability to the foot from injury to the ligaments and muscles that controlled the lost toes,

and also an injury to the instep of the foot, he was, in addition to the compensation awarded for the loss of the toes, entitled to compensation for a partial loss of the use of the foot for one hundred and twenty-five weeks, as provided in section 32 (n) of the workmen's compensation act. See *General Accident &c. Cor.* v. *Beatty*, 174 *Ga.* 314 (162 S. E. 668), in which the Supreme Court answered certified questions propounded to it in this case.

2. Where at the time of the award for the loss of the toes it was impossible, because the maximum improvement in the injured condition of the employee had not been reached, to determine from his physical condition the effect which the original injury had upon his foot, and a subsequent development in his condition showed that as a result of the original injury there was an impairment in the use of the foot, the original award was subject to review, upon the ground of a change in condition, as provided in section 45 of the workmen's compensation act.

3. The compensation payable for a partial loss of the use of a foot is, as provided in section 32 (r) of the act, in an amount which is in "such proportion of the payments . . prescribed for total loss as such partial loss bears to total loss." Where, as provided in the act, the compensation payable for the loss of a foot is 50 per cent. of the average weekly wages, for one hundred and twenty-five weeks, the injured employee, where 50 per cent. of his average weekly wages was $5.25, is entitled to $2.10 per week for one hundred and twenty-five weeks for a 40 per cent. partial disability of the foot.

4. The evidence authorized the inference that after the injured employee was awarded compensation for the loss of the toes, there arose a change in condition, and that, in addition to compensation for the loss of the toes, he was entitled to compensation for a 40 per cent. partial disability of the foot at $2.10 per week for one hundred and twenty-five weeks, making a total compensation of $262.50 payable for the total period. Under the ruling in *Home Accident Ins. Co.* v. *McNair*, 173 *Ga.* 566 (161 S. E. 131), and in *General Accident Ins. Co.* v. *Beatty* (supra), the award of the commission at the rate of $4 per week for not less than one hundred and five weeks, making a total compensation of $420, was error in that it was excessive.

5. The award of the commission being contrary to law, the superior court erred in affirming it.

*Judgment reversed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 3, 1932.

*E. B. Lovell, Connerat & Hunter,* for plaintiffs in error.
*Bouhan & Atkinson,* contra.