DARBY *v.* COOK, Commissioner, etc.

No. 15534. SEPTEMBER 7, 1946.

*B. P. Jackson,* for plaintiff in error.

*Clifford Walker* and *J. Benton Evans,* contra.

HEAD, Justice. (After stating the foregoing facts.) ■ The plaintiff in error in his affidavit of illegality, and in the first amended ground of his motion for new trial, attacked the amendment to the "Unemployment Compensation Law," approved March 20, 1943 (Ga. L. 1943, pp. 610-612), contending that it is in violation of art. 1, sec. 3, par. 2 of the Constitution (Code, Ann. Supp., § 2-302), being retroactive in effect, and the execution issued thereunder being therefore null and void.

Prior to the amendment above referred to, and under attack here, it was provided by sec. 14 (b) of the "Unemployment Compensation Law" (Code, Ann. Supp., § 54-648) in part as follows: "If, after due notice, any employer defaults in any payment of contributions or interest thereon, the amount shall be collected by civil

action in the name of the commissioner, and the employer adjudged in default shall pay the costs of such action." The amendment approved March 20, 1943, deals solely with the method of collection of contributions from employers in default. Section 1 of the amendment (Code, Ann. Supp., § 54-650a) provides in part as follows: "Any contribution in default for thirty days or more may be collected as other delinquent taxes under authority contained in § 92-3306 of the Civil Code of Georgia, and by the Commissioner of Revenue of Georgia." The Code, § 92-3306 provides fully the procedure to be followed in the issuance of tax executions, and that the taxpayer may contest any such execution by filing an affidavit of illegality. It thus appears that the amendment approved March 20, 1943, is purely remedial, that the State acting through its proper officials may follow a procedure for the collection of delinquent contributions from employers different from the one previously followed. It does not appear that such employer is deprived of any right to contest the amount of the tax claimed to be due. His procedure is likewise changed, but he still may urge every valid reason available to show that the tax claimed is not due.

In *Searcy* v. *Stubbs,* 12 *Ga.* 439, on a like constitutional question, it was held: "Remedial statutes are not inoperative, although of a retrospective nature, provided they do not impair contracts, *and only go to confirm rights already existing, and in furtherance of the remedy, by curing defects and adding to the means of enforcing existing obligations."* In the present case, the tax had already accrued. Only the means of enforcing payment was changed by the amendment. In *Knight* v. *Lasseter,* 16 *Ga.* 153, it was held: "In such a point of view, and for the purpose of operating on the remedy only, the legislature may, undoubtedly, pass retrospective acts; and for such purposes they are not unconstitutional." In this connection see also: *Aycock* v. *Martin,* 37 *Ga.* 177; *Cutts* v. *Hardee,* 38 *Ga.* 350; *Sparger* v. *Cumpton,* 54 *Ga.* 359; *Pritchard* v. *Savannah R. Co.,* 87 *Ga.* 297 (13 S. E. 493, 14 L. R. A. 721); *Mills* v. *Greer,* 111 *Ga.* 280 (36 S. E. 673, 52 L. R. A: 934); *Hammack* v. *McDonald,* 153 *Ga.* 543 (113 S. E. 83); *Bullard* v. *Holman,* 184 *Ga.* 788 (193 S. E. 586, 113 A. L. R. 763).

In *Bullard* v. *Holman,* supra, Chief Justice Russell said that the case of *Pritchard* v. *Savannah Railroad Co.,* supra, was *perhaps the leading case in this State.* In the latter, Justice Lumpkin, for the court, quoted from many authorities with approval, notably Rich

*v.* Flanders, 39 N. H. 304, where it was said: "Any statute which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional, though it be retrospective, and although in changing or affecting the remedy the rights of parties may be incidentally affected." From Endlich on Interp. of Stat., § 285, Justice Lumpkin quoted as follows: "A law which merely alters the procedure may, with perfect propriety, be made applicable to past as well as future transactions. . . No person has a vested right in any course of procedure, nor in the power of delaying justice, nor of deriving benefit from technical and formal matters of pleading."

In *Bullard* v. *Holman,* supra, Chief Justice Russell stated the rule to be: "Our Constitution forbids the passage of only those retroactive, or rather retrospective, laws which injuriously affect the vested rights of citizens;" and quoted with approval from Danforth *v.* Groton Water Co., 178 Mass. 472 (59 N. E. 1033, 86 Am. St. R. 495), as follows: "A party has no vested right in a defense based upon an informality not affecting his substantial equities . . there is no such thing as a vested right to do wrong." In the present case, it is not shown (as indeed it can not be) that the plaintiff in error was deprived of pleading any matter of defense to the execution against him just as fully as he might have done had the action against him been initiated by petition rather than by execution. He has not been deprived of any substantial equity. His attack upon the amendatory act approved March 20, 1943, is not sound. The authorities cited by him are not in conflict with anything held here. The trial court properly overruled this ground in his amended motion for new trial.

■ Error is assigned on the overruling of the motion for new trial. Ground 2 of the amended motion recites necessary facts to show that the verdict returned was directed by the trial court, the assignment of error being: "The court erred in directing the verdict because it was contrary to law and contrary to the evidence and without evidence to support it." Such assignment does not raise the question as to whether there were issues of fact which should have been submitted to the jury, and this question is not, therefore, before us for determination. The only testimony in the trial was that of the plaintiff in error. He admitted ownership and operation of the businesses named in the execution. His de-

fense was that he had paid taxes on the business operated as J. F. Darby Lumber Company, and he contended further that he did not have as many as eight employees in any one of the other businesses. This defense was not sufficient under the law. Subsection (f) of sec. 19 of the Unemployment Compensation Law (Code, Ann. Supp., § 54-657) provides in part as follows: "'Employing unit' means any individual or type of organization . . which has . . in its employ one or more individuals performing services for it within this State. All individuals performing services within this State for any employing unit, which maintains two or more separate establishments within this State, shall be deemed to be employed by a single employing unit for all the purposes of this act." Applying the above section to the testimony of the plaintiff in error, we find that the evidence not only supports the verdict, but that the evidence and all inferences properly drawn therefrom demanded a verdict for the plaintiff in execution.

*Judgment affirmed. All the Justices concur.*