215 Ga. 746 (1960)
113 S.E.2d 611
SEARS, ROEBUCK & COMPANY
v.
WILSON.
20604.
Supreme Court of Georgia.
Argued October 14, 1959.
Decided January 8, 1960.
Rehearing Denied March 15, 1960.
*750 Wm. B. Spann, Jr., Daniel B. Hodgson, Alston, Sibley, Miller, Spann & Shackelford, for plaintiff in error.
Jack P. Turner, contra.
HEAD, Justice.
1. A compensable injury under the State Workmen's Compensation Law is one arising out of and in the course of employment. Code (Ann.) § 114-102. Where a claim for compensation is filed, the burden is upon the claimant to show that the injury arose out of and in the course of employment. Aetna Casualty & Surety Co. v. Watson, 91 Ga. App. 657 (86 S. E. 2d 656); Roberts v. Lockheed Aircraft Corp., 93 Ga. App. 440, 441 (2) (92 S. E. 2d 51); Francis v. Liberty Mutual Insurance Co., 95 Ga. App. 225, 226 (97 S. E. 2d 553). In the present case an agreement executed by the employer and the employee on April 22, 1955, providing for compensation of $22.50 per week (which amount was 50% of the employee's weekly wage), was filed with the State Board of Workmen's Compensation, and approved by the board on May 5, 1955. This agreement, which provided that it was to continue "until terminated in accordance with the provisions of the Workmen's Compensation Law," was in compliance with the requirements of the law as to amount under the amendment of 1949 (Ga. L. 1949, pp. 1357, 1358).
*751 The testimony on the subsequent hearing before the deputy director of the board was related primarily to the extent of the disability of the employee when she quit the employment after the agreement between the parties as to compensation. The employee contended that she quit because she was unable to do the work connected with any of the several jobs to which she was assigned. The employer contended that the employee quit to take care of her children.
It is strongly urged in this court that the employee's testimony was vague, contradictory, and equivocal, that it should be construed most strongly against her, and that, so construed, she would not be entitled to recover. See Davis v. Akridge, 199 Ga. 867 (2) (36 S. E. 2d 102), and cases cited. In a case where the plaintiff's testimony is subject to the objection here insisted upon, he may still recover if there is other testimony tending to establish his case. Ray v. Green, 113 Ga. 920 (39 S. E. 470); Steele v. Central of Georgia Ry. Co., 123 Ga. 237 (51 S. E. 438); Smaha v. George, 195 Ga. 412, 420 (24 S. E. 2d 385); Clark v. Bandy, 196 Ga. 546, 561 (27 S. E. 2d 17). The rule insisted upon by counsel for the employer is applicable in claims arising under the Workmen's Compensation Law where the testimony of the claimant is germane to the questions to be decided. In the present case the liability of the employer prior to the hearing before the Deputy Director of the Board of Workmen's Compensation is controlled by the applicable rules of law.
Where the employer and employee enter into an agreement for the payment of compensation, which is duly approved by the board, as in the present case, the award can not be thereafter amended, vacated, modified, or set aside by agreement of the parties or otherwise by any act of the parties. "No contract or agreement, written, oral, or implied, nor any rule, regulation or other device, shall in any manner operate to relieve any employer in whole or in part from any obligation created by this Title, except as herein otherwise expressly provided." Code § 114-111; Tillman v. Moody, 181 Ga. 530 (182 S. E. 906).
The sole method whereby the award may be modified or terminated is upon a review by the board upon an application on the ground of a change in condition. In Lumbermen's Mutual Casualty *752 Co. v. Cook, 195 Ga. 397, 399 (24 S. E. 2d 309), Mr. Justice Duckworth for the full court stated the rule: "That an employee has suffered an injury compensable under the terms of the Workmen's Compensation Act may be conclusively established by an agreement filed with and approved by the Industrial Board (Code, § 114-705), or by an award of the board after hearing evidence (§§ 114-706, 114-707, 114-708). Regardless of which of these two methods is employed, it is a decision of the Industrial Board. If by agreement, it is voidable until approved by the board, but when it has been approved by that board, the statute makes available the processes of the superior court to enforce it. The decision or judgment of the board in the one case rests upon and is supported by the agreement of the parties, while in the other it rests upon evidence introduced at the hearing. By entering into the agreement and allowing it to receive the approval of the board, the parties thereby preclude themselves from thereafter contradicting or challenging the matters thus agreed upon. The only provision of law for further consideration of a case thus disposed of by an approved agreement is a review upon a change in condition, as provided in the Code, § 114-709. The inquiry authorized by law to be made on the review is strictly limited to a change in condition." See also General Accident, Fire & Life Assurance Corp. v. Beatty, 174 Ga. 314 (162 S. E. 668); Liberty Mutual Insurance Co. v. Morgan, 199 Ga. 179 (33 S. E. 2d 336); South v. Indemnity Insurance Co. of North America, 39 Ga. App. 47 (146 S. E. 45); Rhindress v. Atlantic Steel Co., 71 Ga. App. 898 (2) (32 S. E. 2d 554); Maryland Casualty Co. v. Pitman, 72 Ga. App. 838 (35 S. E. 2d 319); Maryland Casualty Co. v. Stephens, 76 Ga. App. 723 (47 S. E. 2d 108); Travelers Insurance Co. v. Hammond, 90 Ga. App. 595 (83 S. E. 2d 576); Arnold v. Indemnity Insurance Co., 94 Ga. App. 493 (95 S. E. 2d 29).
It having been determined by this court in a full-bench decision that an award of the Workmen's Compensation Board stands on the same basis, whether by agreement of the parties, or an award by the board after a hearing and the introduction of evidence (Lumbermen's Mutual Casualty Co. v. Cook, 195 Ga. 397, supra), the employer in the present case was bound to *753 continue payments under the agreement (less credit for wages paid) until such time as the approved agreement was superseded by a new award. "The original award is conclusive on both the employer and employee as to the extent of the disability of the employee, as found by the commission in such award, and as to the continuance thereof until superseded by a new award." Home Accident Insurance Co. v. McNair, 173 Ga. 566 (161 S. E. 131).
The requirement of the Workmen's Compensation Law that payments under an award by the board continue until a new award is made is not a strange or novel requirement, but is in entire harmony with the presumption of continuity recognized by the courts of the State. In Anderson v. Blythe, 54 Ga. 507, 508, it is stated: "The doctrine that a state of things once existing is presumed to continue until a change or some adequate cause of change appears, or until a presumption of change arises out of the nature of the subject, is an element of universal law. Without such a principle we could count upon the stability of nothing, and to assure ourselves of a set of conditions at one period of time would afford no ground for inferring the same conditions at any other period. This presumption of continuance is a well recognized principle of evidence: 1 Greenleaf, section 41; and we think its application was rightfully invoked by counsel in the present case." See also Coleman & Burden Co. v. Rice, 105 Ga. 163 (31 S. E. 424); American Nat. Bank v. Lee, 124 Ga. 863, 865 (53 S. E. 268); Tippins v. Lane, 184 Ga. 331 (191 S. E. 134); Clark v. Baker, 186 Ga. 65, 74 (196 S. E. 750); Glenn v. Tankersley, 187 Ga. 129 (7) (200 S. E. 709); Wilkins v. Georgia Casualty Co., 19 Ga. App. 162, 165 (91 S. E. 224); Griffin v. Miller, 29 Ga. App. 585 (116 S. E. 339); Salter v. Salter, 80 Ga. App. 263, 267 (55 S. E. 2d 868); Roberts v. Hill, 81 Ga. App. 185 (2) (58 S. E. 2d 465); Green's Georgia Law of Evidence, 95, § 27.
2. The testimony of the physicians shows a partial permanent physical disability of the employee within the range of 15 to 25%, two of the physicians placing the physical disability at 25%. The word disability as used in the compensation law means impairment of earning capacity. Blue Bell Globe Mfg. Co. *754 v. Baird, 61 Ga. App. 298 (6 S. E. 2d 83). Thus a partial physical disability may result in a total loss of earning capacity. Employers Liability Assurance Corp. v. Hollifield, 93 Ga. App. 51 (90 S. E. 2d 681). The evidence in the present case, much of which had reference to the employee's condition some fifteen months prior to the hearing, was insufficient to show a total loss of earning power at the time of the hearing. Whether or not the employee may be entitled to an award of compensation for partial loss of earning capacity because of her permanent partial disability was not passed upon by the Deputy Director or the Board of Workmen's Compensation, and is not now before this court for review.
Judgment reversed. All the Justices concur. Mobley, J., concurs specially.
MOBLEY, Justice, concurring specially. I concur in the judgment of reversal but not for the reasons stated in the opinion.
I do not agree with the ruling that this was a continuing award under which the claimant was entitled to draw compensation until a new award was entered by the board, as the original award ordered payment "during disability," and when the claimant returned to her work, the disability, within the meaning of the judgment, ceased. Blue Bell Globe Mfg. Co. v. Baird, 61 Ga. App. 298, 299 (6 S. E. 2d 83). For the claimant to draw compensation again, there would have to be a new award based on change in condition.
I agree with the judge of the superior court, who reversed the award of the Workmen's Compensation Board awarding compensation to the claimant for total disability from the date she left her job at Sears, in his conclusion that there was no competent evidence to support the award.
The evidence of the claimant in support of her application based on change in condition was evasive, self-contradictory, and equivocal. She admitted that she told her employer that she was leaving her job to take care of her children, and that this was shown on her employment card. She testified that she also told him that she was sick and did not feel well. She admitted that she applied for employment at Davison's, Rich's, and Sears, knowing that they were not hiring anyone, and that she would not be *755 able to get a job and that she applied for these jobs, not to get a job, but that she might draw unemployment compensation. Her claim for unemployment compensation was predicated upon her ability to work. The evidence shows that she, in addition to looking after her children, helped her husband in his store; and the claimant made no contention that she was entitled to draw compensation for some two years after she left her job, and then only when the carrier called on her for a final settlement receipt. Construing the evidence of the claimant most strongly against her, which must be done where the evidence is evasive, self-contradictory, equivocal, etc. (Southern Ry. Co. v. Hobbs, 121 Ga. 428 (1), 49 S. E. 294; Steele v. Central of Georgia Ry. Co., 123 Ga. 237, 51 S. E. 438; Weatherford v. Weatherford, 204 Ga. 553, 554, 50 S. E. 2d 323), I do not think that there is any competent evidence in the record to sustain the award of the board that the claimant was suffering total disability at the time she left her employment with Sears and up to the date of the hearing. Medical evidence would support a finding that the claimant was 15 to 25% permanently, partially disabled. The evidence does not support a finding that this degree of disability has rendered it impossible for the claimant to hold a job, such as she is capable of holding, from the date she left her job at Sears.