39439.   COMPLETE AUTO TRANSIT, INC. v. DAVIS.

DECIDED JUNE 28, 1962—REHEARING DENIED JULY 19, 1962.

**370**

John M. Williams, Woodruff, Latimer, Savell, Lane & Williams, for plaintiff in error.

Essley B. Burdine, E. D. Shaw, contra.

EBERHARDT, Judge. ■ The award of the full board denying compensation was entered upon the basis that when a claimant returns to work with his employer at a wage equal to or in excess of that which he was receiving when he was injured, he has undergone a change of condition and that his right to compensation thereupon ceases, and that this is true whether or not the employer has obtained any order or approval of the board

for discontinuing compensation from the time the employee went back to work.

Insofar as the matter of credit for wages paid is concerned it is not necessary here to deal with the issue as to whether the board can make an order dealing with a change in condition of the employee retroactive to a time prior to the filing of the application for a hearing.

We simply hold here that when an employee returns to his old job, or to some other job with his employer, the employer is entitled to credit for wages paid during the period of re-employment against his liability for the payment of compensation. *American Mut. Liab. Ins. Co. v. Hampton,* 33 Ga. App. 476 (127 SE 155) ; *Lumbermen's Mut. Cas. Co. v. Cook,* 69 Ga. App. 131 (25 SE2d 67) ; *Riegel Textile Corp. v. Vinyard,* 88 Ga. App. 753, 756 (77 SE2d 760) ; *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 753 (113 SE2d 611).

■ And where, as here, the wage received during the period of re-employment is equal to or in excess of that which the employee was receiving at the time of his injury the credit will offset all liability for compensation during that period. The credit which the employer may take for wages paid is earned each week and it may be asserted by him at any time thereafter when the employee seeks to enforce payment of the compensation due and unpaid during the period of re-employment. This may be done by way of an affidavit of illegality if judgment and execution have been obtained from the superior court for the accruing and unpaid compensation payments or, prior to judgment we think that a determination of the amount of credits due could be made by the board under an appropriate application for a hearing on the question, pursuant to the provisions of *Code* § 114-715. This procedure would in no way have the effect of amending, varying, or changing the award, but merely permits the application on the award of that credit which the law permits.

If there were periods of time subsequent to the effective date of the approved agreement or the original award when the employee worked but did not receive from his employer a wage equal to or in excess of that which he was receiving at the time of his

injury, but received something less, we think that the board might, upon proper application, make a determination of the proper amount of credits to which the employer is entitled. And it would seem that a proper method of arriving at that determination would be to allow a credit apportioned, in the light of wages paid as compared with the wage at the time of the injury, against the liability for compensation payments. If there were periods when the employee did no work, the liability remains during those periods for full compensation payments in accordance with the award or the approved agreement. Of course, when there is an adjudication of a change of condition the board may, as provided in *Code Ann.* § 114-405, order a different payment of compensation suited to the change, and the order becomes effective from the time an application for a hearing based upon a change in condition was filed. *South v. Indemnity Ins. Co.,* 39 Ga. App. 47 (4) (146 SE 45); *National Surety Corp. v. Nelson,* 99 Ga. App. 95, 98 (107 SE2d 718); *Pacific Emp. Ins. Co. v. Shoemake,* 105 Ga. App. 432 (3) (124 SE2d 653); *General Acc. &c. Corp. v. Beatty,* 174 Ga. 314 (2) (162 SE 668); *Home Acc. Ins. Co. v. McNair,* 173 Ga. 566 (161 SE 131).[2]

---

[2]The Supreme Court in *McNair* dealt with the matter of making a new or "change of condition" award retroactive to the *date of the original award,* in situations where the board on review of the situation under an application for a determination of whether the employee had experienced a change of condition, determined that the employee had, from the beginning, been only partially disabled rather than totally so; and where compensation for total disability had been paid or in *Beatty* where the employee had been paid for the specific loss of a member but not for partial disability, saying, "the weekly amounts the employee has already received or which have been awarded to him under the former award for the loss of his toes can not be charged against the weekly amounts payable to him for the partial loss of the use of his foot."

It would seem that a good case can be made, both on behalf of the employer and the employee, for making an order or award on the finding of a change in condition effective from the time

Since a determination of a change in condition may not be retroactive in effect, the finding of the board that the employee here did, after returning to work and beginning January 15, 1958, suffer from a disability that was wholly unrelated to his injury can not avail except from the date the application for the hearing was filed.

It should be observed that if an employee should refuse employment procured for him suitable to his capacity, under the provisions of *Code* § 114-407 the employer's liability for the payment of compensation would be suspended during the continuance of the refusal and none would accrue.

It must be recognized that in these areas disputes will arise between the employer and the employee as to the amount of wages paid, the period or periods to be affected, whether there has been a refusal of employment suitable to the employee's capacity, etc., and these are appropriate questions to be determined under *Code* §§ 114-706 and 114-715. If there are no disputes the credits would be automatic and simply a matter of calculation and offset against the continuing liability of the employer under the award or approved agreement.

When the employer feels that the employee has experienced a change of condition at the time when he returns to work, whether it be a full or partial recovery, or when the employee must or does stop work again for reasons unrelated to his injury, if he wishes to have his *liability* for making compensation payments

---

the change took place rather than from the time the application for hearing was filed. See and compare, *Bituminous Cas. Co. v. Dyer*, 62 Ga. App. 279 (7 SE2d 415) ; *Travelers Ins. Co. v. Hammond*, 90 Ga. App. 595 (4) (83 SE2d 576) ; *Chevrolet Div. Gen. Mtrs. v. Dempsey*, 97 Ga. App. 309 (103 SE2d 81). However, we are now bound by *South v. Indemnity Ins. Co., National Surety Corp. v. Nelson,* supra, and similar cases which the court is unwilling to overrule, and there is language in *McNair* which would indicate a similar view by the Supreme Court. Further, the consideration of keeping the proposition in a settled condition greatly overweighs the merit of attempting to balance the equities by setting new rules and guidelines.

altered or stopped, he can and should file with the board an application for a hearing under *Code Ann.* § 114-709. We may here observe that upon such a hearing proof that the employee has returned to work and is receiving a wage equal to or in excess of that which he received at the time of his injury, though it entitles the employer to full credit against liability for making compensation payments, will not necessarily authorize a finding that the employee has fully recovered from his injuries.

What we have held here does not conflict with the rulings in *American Cas. Co. v. Herron,* 102 Ga. App. 658 (117 SE2d 172); *Bituminous Cas. Corp. v. Vaughn,* 103 Ga. App. 660 (120 SE2d 190); *Sanders v. American Mut. Liab. Ins. Co.,* 105 Ga. App. 472 (124 SE2d 923), and similar cases. In none of them was the issue raised as to what, if any, credit the employer may be entitled to have against his liability for the compensation payments on account of wages paid.

The judgment of the superior court is affirmed insofar as it reverses and remands the matter to the board for further proceedings, findings and award not inconsistent herewith, but otherwise reversed.

This case has been considered by the whole court and all the judges concur.

*Judgment affirmed in part; reversed in part. All the Judges concur.*