44129.  McMULLEN v. LIBERTY MUTUAL INSURANCE COMPANY et al.

SUBMITTED JANUARY 13, 1969—DECIDED FEBRUARY 13, 1969.

*Albert P. Feldman,* for appellant.

*Greene, Buckley, DeRieux, Moore & Jones, James H. Moore,* for appellees.

HALL, Judge. An amendment to the Workmen's Compensation Act approved February 9, 1968, provides: "Notwithstanding any court decisions previously rendered construing this Code section 'change in condition' as used herein insofar as it relates to Code sections 114-404 and 114-405 shall mean solely an economic change in condition occasioned by the employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury. A Supplemental Memorandum of Agreement as to Payment of Compensation or any other agreement between the claimant and employer duly signed by the parties and approved by the State Board of Workmen's Compensation is, in the absence of fraud, accident or mistake, conclusive as to such change in condition. An award of the Board based upon an approved agreement has the same legal effect and dignity as an award of the Board based upon evidence adduced at a hearing of the issues." Ga. L. 1968, pp. 3, 7, amending *Code* § 114-709. This provision does not apply to the supplemental agreement of March 21, 1967. "The settled rule for the construction of statutes is not to give them retrospective operation, unless the language so imperatively requires." *Bank of Norman Park v. Colquitt County,* 169 Ga. 534, 536 (150 SE 841); *Leathers v. Turner,* 75 Ga. App. 62, 65 (41 SE2d 921); *Mauldin v. Georgia Cas. &c. Co.,* 119 Ga. App. 406.

The agreement of March 13, 1967, is controlled by the law applicable to awards and approved agreements made before February 9, 1968. It continues in force until a new award is made upon application on the ground of a change of condition. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746, 751 (113 SE2d

412

611). On the hearing in this case the board should have applied the law applicable to the 1967 agreement as set forth in the cases of *Complete Auto Transit, Inc. v. Davis,* 106 Ga. App. 369 (126 SE2d 909); *Employers Liab. Assur. Corp. v. Whitlock,* 111 Ga. App. 440, 442 (142 SE2d 77); and *U. S. Fidelity &c. Co. v. Gibby,* 118 Ga. App. 758 (165 SE2d 455), cert. denied. 118 Ga. App. 867.

*Judgment reversed with direction that the case be remanded to the board for further action consistent with this opinion. Jordan, P. J., and Whitman, J., concur.*