44262. NOLES v. NATIONAL ENGINE REBUILDING COMPANY, INC.

SUBMITTED FEBRUARY 3, 1969—DECIDED MAY 16, 1969— REHEARING DENIED JUNE 20, 1969—

*Gilbert & Carter, Fred A. Gilbert,* for appellant.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, Williston C. White,* for appellee.

FELTON, Chief Judge. 1. Prior to the 1968 amendment to *Code Ann.* § 114-709, the controlling state law was that the time when a change in the condition of an employee became effective was the time at which a petition for a hearing on a change in condition was filed. *Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611). The only change in this respect in the 1968 amendment was to change the effective date of the change in condition from the time of the filing of the petition for a hearing on change in condition to the time the change was found by the board to exist. This was a change on a *substantive right* and *not* a new method of procedure *because the procedural provisions as to hearings on change in condition remain exactly the same.* The amendment does not intend to give a retroactive or restrospective effect to the amendment as to the effective time of the change in condition as to changes occurring prior to its enactment. The word "retroactive" in this amendment refers to changes *after the amendment* and simply means that the change was from the *time* of application to actual date of change as found, which would in some cases be found to have come before the application.

Once an award has been entered or an agreement approved, each is "res judicata" until "it is set aside by an approved final settlement receipt or by a subsequent award entered under the provisions of *Code. Ann.* § 114-706, finding a change in condition." *Pacific Employers Ins. Co. v. Shoemake,* 105 Ga. App. 432 (124 SE2d 653). The 1968 amendment which changes the law as to the "res judicata" aspect of an existing award is a matter of substantive law rather than procedure. *McMullen v. Liberty Mut. Ins. Co.,* 119 Ga. App. 410 (168 SE2d 360).

The court erred in affirming the board's award which held that the 1968 amendment was procedural and retroactive to include a change in condition found to exist prior to its enactment.

2. The court also erred in ruling that the stipulation, reciting an agreement which this court held in effect not to be binding on the claimant, could not be withdrawn from the record.

*Judgments reversed. Bell, P. J., Jordan, P. J., Hall, Pannell and Deen, JJ., concur. Eberhardt, Quillian and Whitman, JJ., dissent.*

QUILLIAN, Judge, dissenting. The question for determination in the case sub judice is whether the State Board of Workmen's Compensation erred in applying the 1968 amendment to the Workmen's Compensation Act (*Code* § 114-709 as amended, Ga. L. 1968, pp. 3, 7-8) to the present case. The amendment provides in part that an award determining that the claimant has undergone a change in condition "shall be effective as of the time the change in condition actually occurred as found by the board, notwithstanding the retroactive effect of such award, but shall not affect any compensation actually paid to any employee."

There is a general prohibition against giving laws a retroactive effect. Art. I, Sec. III, Par. II, Ga. Constitution (*Code Ann.* § 2-302); *Ross v. Lettice,* 134 Ga. 866, 868 (68 SE 734, 137 ASR 281). However, such a prohibition does not apply to statutes which are remedial or procedural in nature. In *Darby v. Cook,* 201 Ga. 309, 311 (39 SE2d 665), it is stated: "Any statute which changes or affects the remedy merely, and does not destroy or impair vested rights, is not unconstitutional, though it be retrospective, and although in changing or affecting the remedy the rights of parties may be incidentally affected."

The issue then arises whether the 1968 amendment which states that the award on a change in condition "shall be effective as of the time the change in condition actually occurred, notwithstanding the retroactive effect of such award," is remedial or substantive in nature.

That portion of *Code* § 114-709 as amended is, in my opinion, remedial in nature because it provides the procedure or remedy by which either the claimant or the employer may obtain

a review of an award based on a change in condition. If the claimant receives an injury which arises out of and in the course of his employment, he has a vested right to receive the compensation benefits due him as provided by law during the period of his disability. However, the claimant has no vested right to receive workmen's compensation benefits during any period when he is not disabled as a result of such injury. Neither has the employer any vested right not to pay the claimant compensation during any period while he is disabled as a result of said injury. Therefore, it is only just that if a claimant has an award for a partial disability and has a change in condition from partial to total disability the fact that he might wait some time before applying for a hearing to determine a change in condition should not preclude him from receiving compensation from the date his condition actually changed rather than the date he made the application for a hearing. Likewise, the employer should not be precluded from showing a change in the claimant's condition as of the date it actually occurred. It is true that prior to the 1968 amendment the board was not authorized to find that the claimant's condition changed prior to the date the board received a request for a hearing to determine a change in condition. *General Accident, Fire &c. Corp. v. Beatty,* 174 Ga. 314 (2) (162 SE 668). However, former *Code* § 114-709 was amended by the 1968 Act. Neither the employer nor the claimant has any vested rights in the procedural rule existing prior to passage of the 1968 amendment.

*McMullen v. Liberty Mut. Ins. Co.,* 119 Ga. App. 410, supra, cited by the majority, should not be controlling here. In that case the court found, in effect, that what constitutes a change in condition under the provisions of *Code Ann.* § 114-709 was substantive and not procedural and relied on the rule of construction that a statute will not be given a retrospective connotation unless its language imperatively requires such construction. In this regard we point out that a law will be given a retroactive effect "when the language imperatively requires it, or when an examination of the act as a whole leads clearly to the conclusion that such was the legislative purpose.

It is at last and always a question of legislative intent." *Barnett v. D. O. Martin Co.*, 191 Ga. 11, 12 (11 SE2d 210, 131 ALR 725). Here the clear and compelling language of the provision in question requires a finding that the legislature manifestly intended that it operate restrospectively.

Of course, there is no prohibition against a retroactive application of remedial or procedural laws. *Hill v. Willis*, 224 Ga. 263, 265 (161 SE2d 281). In the opinion of the writer, the provision of the 1968 amendment being procedural or remedial in nature, the board did not err in applying it to the present case.

I am authorized to state that Judges Eberhardt and Whitman concur in this dissent.