### 45049. CITY OF ATLANTA v. PRICE.

EBERHARDT, Judge. Senoia Price was injured January 8, 1964, while in the course of his employment with the City of Atlanta as an employee of the sanitary department. An agreement for the payment of compensation was filed with and

approved by the Board of Workmen's Compensation, and compensation was paid from January 27, 1964 (it having been agreed that the disability began January 20, 1964) until claimant returned to work May 29, 1964, at his full wage. Upon returning to work an agreement was filed with the board that disability had ceased and that all compensation due had been paid. Claimant worked at his regular wage until he voluntarily resigned June 1, 1965, after which the employer had no contact with or knowledge of the whereabouts of the employee until August 9, 1968, when suit was filed in Fulton Superior Court, alleging that claimant was and is totally disabled, and seeking judgment for compensation from January 27, 1964, with credit to the employer for all amounts already paid and to which it is lawfully entitled to credit. The employer answered, setting up the return to work agreement, and moved to dismiss the complaint. The motion to dismiss was overruled and judgment was entered in plaintiff's favor for accrued compensation, less payments made, together with interest, up to the date of the judgment, and from these judgments the employer appeals. *Held:*

1. Since there was no board approval of the return to work agreement this situation does not come within the ruling in *Atlanta Coca-Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723); the agreement did not terminate the employer's liability for compensation payments. The motion to dismiss was properly overruled.

2. Assuming that the employer has been credited with all payments of compensation made, and that the judgment includes no compensation for weeks during which he worked at his regular wage (*Sears, Roebuck & Co. v. Wilson,* 215 Ga. 746 (113 SE2d 611); *Complete Auto Transit v. Davis,* 106 Ga. App. 369 (126 SE2d 909)), it was properly entered. The employer's remedy, if the employee is not now totally disabled, is by way of an application to the board for a hearing on a change in his condition. *Guess v. Liberty Mut. Ins. Co.,* 219 Ga. 581 (134 SE2d 783). It is true that the General Assembly amended § 114-709 of the Compensation Act in 1968 (Ga. L. 1968, p. 3) to provide that "change in condition" should mean an economic change occasioned by the employee's ability or inability to return to work, but we have held the amendment to be prospective in effect, thus effective only from and after February 9, 1968. *Mauldin v. Ga. Cas. &c. Co.,* 119 Ga. App. 406 (167 SE2d 371). It can have no

effect until a new award is made on the basis of an application for a hearing on a change in the employee's condition. *McMullen v. Liberty Mut. Ins. Co.,* 119 Ga. App. 410 (167 SE2d 360).

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*

SUBMITTED FEBRUARY 3, 1970—DECIDED MARCH 6, 1970.

*Henry L. Bowden, Henry M. Murff,* for appellant.
*Richard W. Watkins, Jr.,* for appellee.