46608.  SECURITY INSURANCE GROUP et al.
v. GILLESPIE.

EBERHARDT, Judge. On January 2, 1968, claimant in this workmen's compensation case suffered a back injury on

the job. On February 8, 1968, a form 16 agreement to pay compensation as a result of the injury was approved by the board. Meanwhile, claimant had returned to work on January 15, 1968, at his full weekly wage; and consequently, on February 8, 1969, a form 19 supplemental memorandum of agreement was also approved by the board terminating liability as of January 15. On February 9, 1968, *Code Ann.* § 114-709, providing for review of an award or settlement because of change in condition, was amended to provide that a new award on the ground of change of condition would be effective as of the time the change in condition actually occurred as found by the board. Ga. L. 1968, pp. 3, 7. On June 26, 1968, after the effective date of the amendment, claimant ceased to work for his employer because of claimed physical disability and on December 11, 1969, filed a request for a hearing to determine change in condition, contending that he had suffered a change for the worse arising out of the accident of January 2. After a hearing, the deputy director issued an award, finding that claimant had not established a change in condition and denying compensation. On appeal the full board set this award aside and entered a new award, finding that claimant had suffered a change in condition as of June 26, 1968, when he had finally ceased work, and awarding compensation as of that date. The employer and the carrier appeal from an affirmance by the superior court, contending that the 1968 amendment to *Code* § 114-709 had been given an impermissibly retroactive effect, and that credit should have been given for sums paid claimant by the employer subsequent to June 26. *Held:*

1. The conditions covered by the agreements approved by the board on February 8, 1968, are settled by those agreements and were not, and could not be, redetermined upon the change-in-condition review. All questions covered by those agreements are res judicata, and the inquiry authorized by law to be made under *Code Ann.* § 114-709 is strictly limited to a change in condition. See,

e.g., *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397, 399 (24 SE2d 309); *Arnold v. Indemnity Ins. Co.,* 94 Ga. App. 493 (4) (95 SE2d 29); *Hartford Acc. &c. Co. v. Webb,* 109 Ga. App. 667 (1) (137 SE2d 362). It must necessarily follow that since the board found the change in condition to have occurred on June 26, 1968, more than four months after the effective date of the amendment to *Code* § 114-709, there is no merit in the contention that the amendment was given an impermissibly retroactive effect by making the change-in-condition award effective as of that date. *McMullen v. Liberty Mut. Ins. Co.,* 119 Ga. App. 410 (167 SE2d 360) and *Noles v. National Engine Rebuilding Co.,* 119 Ga. App. 833 (169 SE2d 185) do not require a different result under the circumstances here. Davis v. Caldwell, civil action No. 14973, decided August 24, 1971, by the United States District Court for the Northern District of Georgia, Atlanta Division, is not in point, as it was there held that *Code Ann.* § 114-709 and Rule 17 of the board are unconstitutional only insofar as they invite and permit unilateral termination of previously adjudicated benefits without a hearing as to the recipient's alleged change of condition.

2. In enumeration of error No. 2 the employer/carrier complain that the superior court erred in affirming the award of the board because it did not credit them with sums paid the claimant by the employer after the June 26, 1968, date of disability. However, while the application for appeal to the superior court listed the usual statutory grounds (*Code* § 114-710), and while the employer/carrier state in their brief in this court that the statutory grounds were sought to be established in the superior court on the basis (1) that the board exceeded its authority in making an amendment to the award[1], (2) that *Code Ann.* § 114-709 was given an impermissibly retroactive effect, (3) that the employer/carrier should be credited with salary paid claimant after the June 26 date

---

[1] No longer an issue in the case.

166

of disability, it appears from the record that this last issue is raised for the first time in this appeal. The cases are legion that questions may not be raised for appellate review in such a fashion. See *Hennessee v. Jennings,* 48 Ga. App. 188 (3) (172 SE 583) for an analogous application of the rule to the question sought to be raised here. Hence irrespective of whether or not, if the question were properly presented for decision, the employer/carrier, in the absence of an approved agreement or award providing for compensation, would be entitled to credit for salary paid claimant while he was not working, we are unable to reverse the superior court on a question not heretofore presented to it for consideration.

*Judgment affirmed. Hall, P. J., and Quillian, J., concur. Whitman, J., not participating.*

SUBMITTED OCTOBER 5, 1971—DECIDED NOVEMBER 18, 1971—
REHEARING DENIED DECEMBER 9, 1971.

*Savell, Williams, Cox & Angel, John M. Williams, Elmer L. Nash,* for appellants.

*Swift, Currie, McGhee & Hiers, W. Wray Eckl,* for appellee.