46999.   EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. TURNER.

EVANS, Judge. This is a workmen's compensation case. The dispute between the employer and the claimant revolves around two different agreements, both approved by the State Board of Workmen's Compensation, and a divided opinion by the three members of said board. The chair-

man sought to allow certain credits to the employer, but the other two members did not agree with him.

The first agreement, approved by the board, was based on injury to a *broken ankle.* Under this agreement claimant received compensation for total incapacity for a period of 10 weeks, at $50 per week. When this 10-weeks period expired, another agreement was executed, and was also approved by the board, based on injury of a 100% loss, or loss of use of *right leg.* Compensation was to be paid at $50 per week not to exceed 225 weeks.

The employer thereafter contended there was a change of condition and that claimant's disability should be reduced; and after a hearing the deputy director decided there was a change in condition, that claimant's disability was confined to his right foot instead of his right leg. He found there was a permanent partial industrial handicap to the extent of 60% loss of use of said member (right foot) and that compensation should be paid, beginning August 21, 1970, at $30 per week for 135 weeks, or until further change in condition.

On appeal to the full board, the chairman voted that the award be amended to give credit for compensation already paid under *Code Ann.* § 114-406, "since regardless of what the . . . agreement recited, the injury and disability was confined to the foot, as was found by the deputy director." The other two members affirmed the award, without giving the credit voted for by the chairman. This award was affirmed by the superior court, and the employer appeals. *Held:*

1. By entering into an agreement and causing it to receive the approval of the board, the parties thereto effectively precluded themselves from thereafter contradicting and challenging the matters thus agreed upon. *Lumbermen's Mut. Cas. Co. v. Cook,* 195 Ga. 397 (24 SE2d 309); *Security Ins. Group v. Gillespie,* 125 Ga. App. 163 (1) (186 SE2d 575), and cases cited therein at page 165. *Code* § 114-709, as amended (Ga. L. 1937, pp. 230, 233; 1937, pp. 528, 534; 1943, pp. 167-169; 1968, pp. 3, 7), provides

that the board, in considering a change of condition, may consider evidence of events which occurred or conditions which existed at any time since the last hearing, and the new award may be made effective at the time the change of condition actually occurred (notwithstanding the retroactive effect thereof), although such new condition cannot affect any compensation already paid the employee. But in considering such alleged change, as same relates to total and partial incapacity (*Code Ann.* §§ 114-404 and 114-405, as amended by Ga. L. 1968, pp. 3, 4), *Code Ann.* § 114-709, supra, provides that it "shall mean solely an economic change in condition occasioned by an employee's return or ability to return to work for the same or any other employer; or inability to work or continue to work for the same or any other employer, which inability is proximately caused by the accidental injury." Both prior agreements approved by the board were that the employee was totally incapacitated to work in that there was an agreement to pay him $50 per week.

2. The deputy director had for determination from the evidence a change of condition as to the claimant, which it found to have occurred "as of August 21, 1970," when claimant's disability was confined to his right foot, and at which time he was found to be suffering from a permanent partial industrial handicap in the amount of 60% loss of use to said member. There was evidence to support the award, and indeed there is no contention made here that the evidence did not support it. It is simply contended the deputy director should have corrected the contract so as to provide that the intent of the parties was to pay on a permanent partial industrial handicap to the foot and not the leg, although this was not so provided in the agreement. It did not state that the compensation agreed upon was to be under *Code Ann.* § 114-406. It did recite that the injury was to the *leg* and not to the *foot*; and there may well have been an injury to the leg. The deputy director took the case as he found it, to determine the change of condition, and he made the deter-

mination required under the law. The lower court did not err in affirming the board's findings in conformity with the award of the deputy director.

*Judgment affirmed. Bell, C. J., and Eberhardt, J., concur.*
ARGUED MARCH 7, 1972—DECIDED APRIL 3, 1972.

*George W. Mullins, Jr.,* for appellants.
*McDonald, McDonald & McDonald, E. Crawford McDonald,* for appellee.