35770. FIELD *v.* LIBERTY MUTUAL INS. CO. *et al.*

DECIDED SEPTEMBER 27, 1955.

*R. Beverly Irwin, Osgood O. Williams,* for plaintiff in error.
*Marshall, Greene & Neely,* contra.

QUILLIAN, J.. In this opinion the plaintiff in error, for the sake of convenience, will be referred to as the claimant, the defendants in error respectively as the employer and the insurance carrier.

■ While the evidence amply authorized a finding in favor of the claimant, there was sufficient competent evidence in the record to support the award denying compensation.

■ The finding of fact in the award appealed from contained the statement: "It is the opinion of the majority of the board that the autopsy is the highest and best evidence in the record of the case, which, together with other evidence in the record, shows no connection or proximate cause of the death as a result of the accident and injury complained of."

The claimant contends that the quoted statement clearly reveals that the compensation board considered the written report of the autopsy, and based its award in part upon the report, though it was never introduced in evidence.

It is elementary that a fact-finding body can predicate its finding only upon evidence admitted on the trial of the case.

There are certain rules fixed by our statutes and others adopted

by our courts in reference to the construction of verdicts, which we think apply to findings of fact by the compensation board. Code § 110-105 provides that "Verdicts shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity."

It was held in *Dunson* v. *Harris*, 45 *Ga. App.* 450 (2) (164 S. E. 910): "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927. A verdict, though not explicit in its terms, the intent of which is apparent from the pleadings and the evidence, must be construed with reference thereto. *Nottingham* v. *Nicholson*, 42. *Ga. App.* 628 (157 S. E. 118)."

In *Swain* v. *Georgia Power &c. Co.*, 46 *Ga. App.* 794 (169 S. E. 249), this court pronounced the rule: "Verdicts are to have a reasonable intendment, and are to receive a reasonable construction, and are not to be avoided unless from necessity. Civil Code (1910), § 5927. The presumptions are in favor of the validity of the verdict of a jury, and if possible a construction will be given that will uphold it. *Southern R. Co.* v. *Oliver*, 1 *Ga. App.* 734 (58 S. E. 244); *David* v. *Marbut-Williams Lumber Co.*, 32 *Ga. App.* 157, 159 (122 S. E. 906); *Atlantic & Birmingham Ry. Co.* v. *Brown*, 129 *Ga.* 622 (59 S. E. 278)."

Since it appears from the record in the instant case that the medical witness who performed the autopsy and was the author of the written report, minutely and in detail described his findings from the autopsy, and explained his conclusions based upon those findings, as did other medical witnesses, it is reasonable to interpret the statement of the board, that the autopsy was the highest and best evidence, as referring to the evidence of the witnesses in reference to the autopsy, rather than to the written report of the autopsy. So we cannot hold that the expression of the board, that the autopsy was the highest and best evidence, revealed that the award appealed from was predicated upon private information of the members of that body. The statement that the autopsy is the highest and best evidence is obviously inaccurate, since it was the evident intent of the board to refer to the weight rather than to the quality of the evidence. However, mere inaccuracy

of expression does not affect the validity of the award, its meaning being apparent.

    *Judgment affirmed. Felton, C. J., and Nichols, J., concur.*