### 44029. MARYLAND CASUALTY COMPANY et al. v. GATTIS et al.

JORDAN, Presiding Judge. The claimant in this workmen's compensation case suffered a compensable back injury in September, 1966, covered by Maryland Casualty Company as the insurer. He returned to work on December 12, 1966. On December 20, 1966, Liberty Mutual Insurance Company became the insurer. In May of 1967 the claimant allegedly again became disabled, and after a hearing in August, 1967, at which both insurers were represented, a deputy director found that the "claimant did not sustain a new accident and injury on or about May 20, 1967, but that the disability he now suffers is attributable to the accident and injury of September 21, 1966," and further that "claimant could not detail any specific accident in May of 1967, only that as he took small packages from a freezer his back hurt worse and worse; that he did not report any accident to the manager or owner of the Village Store." On review the full board additionally found "that claimant has undergone a change in con-

dition for the worse on or about May 22, 1967, and is entitled to compensation therefor," and substituted "incident" for "accident" in the second finding of fact of the deputy director quoted above. The full board adopted the remaining findings of fact, including total disability since on or about May 22, 1967, and adopted the award of the deputy director, providing for payments for total disability and medical expenses by the employer or Maryland Casualty Company. The superior court affirmed the action of the full board, and the employer and Maryland Casualty Company appeal to this court. *Held:* There is no merit in the contention of the appellant, Maryland Casualty Company, that the evidence demands a finding that the claimant suffered a compensable injury in May of 1967. The evidence, particularly the medical testimony, clearly supports the finding of the full board that the claimant suffered a change in condition for the worse in May of 1967, at which time he became totally disabled, and such a finding is entirely consistent with his testimony of intense pain while removing light-weight frozen food packages from a freezer, and his obvious disability during the same month, as observed by the owner of the business, and the finding to the effect that his pain became most noticeable while emptying the freezer. The substitution of "incident" for "accident" is amply authorized by the evidence, and is consonant with the legal theory followed by the board, that of the change of an existing condition, manifested by symptoms of pain while working, and not actually caused by another accident at work. Ex mero motu the board has full authority before judicial determination and within two years from the date the board is notified of final payment of a claim to determine the existence of a change in condition, and make an award based on its findings. See *Code Ann.* § 114-709. Where, as here, it is an open question under the evidence whether the disability is attributable to a change in condition, or is the result of another work-connected accident which caused new injuries or aggravated an existing condition, and the board finds only a change in condition, and no error of law appears, neither this court nor the lower court has any authority to disturb the action of the board. *Code* § 114-710. See *Dudley v. Sears, Roebuck & Co.,* 115 Ga. App. 411 (154 SE2d 699).

*Judgment affirmed. Pannell and Deen, JJ., concur.*

18

ARGUED NOVEMBER 6, 1968—DECIDED JANUARY 7, 1969.

*Charles L. Drew, James B. Hiers, Jr.,* for appellants.
*George & George, William V. George,* for appellees.