## 46760. NEW HAMPSHIRE INSURANCE COMPANY et al. v. RIDDLE.

PANNELL, Judge. 1. "Where weekly payments of workmen's compensation are being made to an employee on account of total incapacity to work under *Code Ann.* § 114-404 pursuant to an agreement therefor duly signed by the

parties, filed with and approved by the board, and where the parties thereafter sign a supplemental memorandum of agreement as to payment of compensation reciting that the employee returned to work on a specified date at the same weekly wage as he was earning before he was injured 'and that liability for temporary total disability ceased on' the specified date, and where such supplemental agreement is filed with and approved by the board, it is res judicata as to the obligation of the employer and insurance carrier to make further payments to the employee on account of disability resulting from the injury until set aside by a subsequent approved supplemental agreement providing for the payment of additional compensation, or by an award of the board upon a hearing and pursuant to an application therefor filed under the provisions of *Code Ann.* § 114-709 seeking a new award on account of a further change of condition." *Atlanta Coca-Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723).

2. The employee in the present case made an application based on a change in condition and after hearing, the director made a specific finding that there had been no change in condition but awarded the employee continuing compensation. While the evidence was sufficient to authorize a finding of a change in condition, such finding was not demanded; accordingly, the finding of the board, approving the finding of the single director, must be affirmed, but under the ruling in *Atlanta Coca-Cola Bottling Co. v. Gates,* 225 Ga. 824, supra, we must hold that an award of further compensation was not authorized in view of the finding of no change in condition, and the board erred in so doing.

3. The judge of the superior court, on appeal of the award by the employer, instead of remanding the case to the Board of Workmen's Compensation for an award in accordance with its authorized findings of fact, entered an order making his own findings of fact that a change of condition for the worse of the employee had occurred,

and based upon his own findings affirmed the award of compensation, but only that accruing after the filing of the employee's application, the agreement having been approved prior to the 1968 amendment (Ga. L. 1968, pp. 3, 7) to *Code* § 114-709 (see *Noles v. Nat. Engine Rebuilding Co.,* 119 Ga. App. 833 (169 SE2d 185), and remanded the case to the board with direction that it amend its award by deleting the retroactive portion thereof, that is, compensation accruing prior to the application based upon change of condition. The finding of the Board of Workmen's Compensation is conclusive upon the superior court (*Dill v. Ocean Acc. &c. Co.,* 95 Ga. App. 60 (1) (96 SE2d 638); *Wiley v. Aetna Cas. &c. Co.,* 98 Ga. App. 241 (105 SE2d 377)), and the judge of the superior court on appeal has no fact-finding powers. *American Cas. Co. v. Harris,* 96 Ga. App. 720, 723 (101 SE2d 618); *Employers Ins. Co. of Alabama v. Amerson,* 109 Ga. App. 275, 277 (136 SE2d 12).

We must accordingly hold that the trial judge erred in substituting his own findings of fact for that of the board and in affirming the board's award of compensation to the employee.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
SUBMITTED JANUARY 7, 1972—DECIDED APRIL 3, 1972—
REHEARING DENIED APRIL 18, 1972.

*Savell, Williams, Cox & Angel, John M. Williams, Lawson A. Cox, II,* for appellants.
*Stow, Garvin & Glenn, James A. Glenn,* for appellee.