### 48238. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. YOUNG.

EBERHARDT, Presiding Judge. Claimant in this workmen's compensation case alleged an injury occurring on April 29, 1969. A hearing was held before the deputy director, and it appeared that on June 9, 1969, subsequent to the alleged injury, a Form 19 supplemental agreement had been entered into and later approved by the board with regard to a change in condition relating to a compensable injury sustained in 1966. The deputy director and the board, while noting that "claimant is alleging a new injury on April 29, 1969, and his request for hearing based on this alleged injury was received by the board on October 23, 1969," made no finding as to whether claimant had or had not suffered the new injury, but instead dismissed the claim for the 1969 injury on the basis that the Form 19 agreement was "res adjudicata that this disability was due to his original injury on April 28, 1966." The superior court reversed, holding that the Form 19 supplemental agreement was not res judicata as to the alleged new and distinct injury and remanding for a finding as to the alleged new injury. The employer and carrier appeal. *Held:*
We affirm. "A supplemental memorandum of agreement as to payment of compensation or any other agreement between the claimant and employer duly signed by the parties and approved by the State Board of Workmen's Compensation is, in the absence of fraud, accident or mistake, conclusive *as to such a change in condition.*" Code Ann. § 114-709. (Emphasis supplied.) We agree with the superior court that this provision applies only to a change in condition of the original injury and has no relationship to a new and distinct injury. The supplemental agreement in this case, while perhaps conclusive as to a change in condition relating to the 1966 injury, cannot be conclusive as to the claim

for the alleged new and distinct injury of 1969.

As the superior court held: "Claimant contends that he suffered a new and distinct injury. He is entitled to a finding on this question." The dismissal of the claim by the board on the ground that it was barred by the application of the principle of res judicata, being based upon an erroneous legal theory, was error. Accordingly the judgment of the superior court reversing and remanding is affirmed.

*Judgment affirmed. Pannell and Stolz, JJ., concur.*

ARGUED JUNE 1, 1973 — DECIDED JUNE 22, 1973.

*George W. Mullins, Jr.,* for appellants.
*Douglas W. McDonald,* for appellee.