## 49944. PRITCHETT v. LIBERTY MUTUAL INSURANCE COMPANY et al.

WEBB, Judge.

The sole enumeration of error in this workmen's compensation case is that "The trial court erred in affirming the award of the full board, same having been based upon the conclusion of law that a Form 19 agreement is res judicata to a *claim of new injuries.*" (Emphasis supplied.) This enumeration is custom designed to secure a reversal under *Employers Mut. Liab. Ins. Co. v. Young,* 129 Ga. App. 282 (199 SE2d 552), where we held that a Form 19 supplemental agreement as to a 1966 injury was not res judicata as to a new injury in 1969.

Unfortunately for appellant, the record does not support the enumeration. This was not a proceeding seeking compensation for a new injury as was the situation in *Young,* but was one to determine credit allowable to the employer/carrier against future payments under the Form 19 agreement pursuant to Code Ann. § 114-403 (now repealed). Contrary to the assertion in the enumeration of error, the board did not conclude that the Form 19 agreement was res judicata "to a claim of new injury," but rather that "the agreement and the other agreements are res judicata in respect to the *matters covered by each or the facts stated therein.*" (Emphasis supplied.) This conclusion was correct (Code Ann. § 114-709; *Atlanta Coca Cola Bottling Co. v. Gates,* 225 Ga. 824 (171 SE2d 723)); and since the board made no such conclusion as is complained of in the enumeration of

errors, and this is the sole enumeration, the judgment must be affirmed.

*Judgment affirmed. Pannell, P. J., and Evans, J., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED DECEMBER 5, 1974.

*Reed & Dunn, Robert J. Reed,* for appellant.
*Swift, Currie, McGhee & Hiers, James T. McDonald, Jr., John F. Sacha,* for appellees.