50032. EMPLOYERS MUTUAL LIABILITY INSURANCE COMPANY et al. v. YOUNG.

Clark, Judge.

This is the second appeal to our court of this workmen's compensation case. In the previous appeal (129 Ga. App. 282 (199 SE2d 552)) this court affirmed the superior court's remand to the workmen's compensation board because we ruled the denial of compensation had been based upon an erroneous legal theory. In doing so we quoted from the superior court's holding that "Claimant

contends that he suffered a new and distinct injury. He is entitled to a finding on this question." We directed that the board proceed accordingly.

In compliance with this directive the board's review resulted in the following specific finding of fact: "We find as a matter of fact that claimant did not suffer a new accident and injury on April 29, 1969 as alleged. The evidence shows that claimant had continued to have difficulty with his back since his 1966 injury and we conclude that no compensable new injury has been shown within the meaning of the Workmen's Compensation Act. The evidence strongly indicates a recurrence of claimant's old injury and it is noted that no medical testimony was submitted." (R. 139). Additionally, the board found that the claimant had not given notice of a new injury to his employer within the required 30-day period. We do not find it necessary to deal with this latter ruling as to lack of notice.

The employee took an appeal to the Superior Court of Stephens County which reversed the board's decision. The instant appeal by the employer-insurer is from that judgment. *Held:*

As on remand the workmen's compensation board made a specific finding of fact on the assigned question, we are limited to an examination of the record to determine if there is any evidence in support thereof. "The finding of the Board of Workmen's Compensation is conclusive upon the superior courts [cits.], and the judge of the superior court on appeal has no fact-finding powers. [Cits.]" *New Hampshire Ins. Co. v. Riddle,* 126 Ga. App. 96, 98 (190 SE2d 100). See also *Zurich Ins. Co. v. Robinson,* 127 Ga. App. 113 (2) (192 SE2d 533).

The "any evidence" rule applies. "The superior court and this court are both bound by the finding of the Board of Workmen's Compensation if there is any competent evidence to support the award. [Cits.]" *Adams v. U. S. Fidelity &c. Co.,* 125 Ga. App. 232, 234 (1) (186 SE2d 784). The superior court judge recognized he was bound by this controlling principle but overruled the board by reason of his construction of the word "recurrence." Such interpretation resulted in his ruling that there was a new injury. This construction is contrary to the definition in

Webster's International Dictionary (2d Ed. 1959) where this noun is defined to be an "Act or fact or recurring or state of being recurrent; a return; a periodical or frequent returning; a reappearance. . ." Thus, the word "recurrence" should not be interpreted as constituting a new accident but only a reappearance of an existing injury.

Furthermore, the manner in which the word is used by the board shows their intention was to supplement the topic sentence which opened the declaratory paragraph. That sentence states: "We find as a matter of fact that claimant did not suffer a new accident and injury on April 29, 1969 as alleged." "Awards of the Board of Workmen's Compensation, like verdicts, 'shall have a reasonable intendment, and shall receive a reasonable construction, and shall not be avoided unless from necessity.' " *Field v. Liberty Mutual Ins. Co.*, 92 Ga. App. 621 (2) (89 SE2d 573). See also *Maryland Casualty Corp. v. Mitchell*, 83 Ga. App. 99 (3) (62 SE2d 415) where this court said: "Legal precision and nicety are not to be insisted upon in the findings of fact of the Board of Workmen's Compensation, and, after the award, that construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render such judgment invalid, where such construction is reasonable and can fairly be applied."

Although, as stated in the superior court's ruling, the employee made out a prima facie case, that testimony was rebutted by the evidence from the claimant's supervisor and the company's manager to the effect that the many complaints as to the continued pain in the employee's back stemmed from the 1966 injury for which employee was being paid by the previous compensation carrier.

In view of the board's specific finding of fact meeting the evidence quantum rule, neither this court nor the lower court has any authority to disturb the board's decision. Code § 114-710; *Maryland Cas. Co. v. Gattis*, 119 Ga. App. 16 (165 SE2d 875).

*Judgment reversed. Pannell, P. J., and Quillian, J., concur.*

ARGUED JANUARY 9, 1975 — DECIDED FEBRUARY 28, 1975 —

REHEARING DENIED MARCH 25, 1975.

*George W. Mullins, Jr.,* for appellants.
*Douglas W. McDonald,* for appellee.