54470. ZITZMAN v. SEABOARD FIRE & MARINE INSURANCE COMPANY et al.

WEBB, Judge.

This is an appeal by an employee from the order of the superior court affirming the award of the full board of the State Board of Workmen's Compensation, and denying his motion for remand. The award of the full board affirmed and adopted on de novo review the award of the administrative law judge finding that the employee failed to carry the burden of proof in establishing that his work at Northwest Orient Airlines was a contributing proximate cause of his myocardial infarction. We also affirm.

1. The employee insists that the award is based upon the erroneous findings that his work would not cause heart disease in the absence of obesity and heavy smoking; that heavy lifting was not involved in his duties; that the infarction was suffered at a time when he was supposedly at home in bed; and that a heart attack occurring after the employee has left the premises is noncompensable. These findings in no way render the award invalid. " 'Legal precision and nicety are not to be insisted upon in the findings of fact of the Board of Workmen's Compensation, and, after the award, that

construction of the findings which would render the judgment valid should be adopted in preference to a construction which would render such judgment invalid, where such construction is reasonable and can fairly be applied.'" *Employers Mut. Liab. Ins. Co. v. Young,* 134 Ga. App. 369, 371 (214 SE2d 381) (1975).

Myocardial infarction is not included within the statutory definition of the injuries compensable by workmen's compensation "unless it is shown by preponderance of competent and creditable evidence that it was attributable to the performance of the usual work of employment." Code Ann. § 114-102. Here no medical evidence was tendered to support the employee's claim that a causal connection existed between his work-related activities and the myocardial infarction, and the employee's testimony to the contrary was impeached by his supervisor.

2. The assertion that the superior court erred in affirming the award without remanding for consideration of a deposition which was alleged to be missing from the record on appeal is also without merit.

The deposition in question was taken of the employee some two months prior to the hearing for purposes of discovery. The employee appeared and testified at the hearing. Even assuming that the deposition was admissible, that it was not considered, and that this issue was timely raised for the first time in superior court (which of course is not a fact finding court in a workman's compensation appeal, *Employers Mut. Liab. Ins. Co. v. Young,* 134 Ga. App. 369, 370, supra), "a reading of the deposition discloses that it is cumulative only of the testimony of the employee delivered before the [administrative law judge], and if it were error to fail to consider it the error was harmless." *Hartford Acc. & Indem. Co. v. Snyder,* 126 Ga. App. 31 (1) (189 SE2d 919) (1972).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

ARGUED SEPTEMBER 7, 1977 — DECIDED SEPTEMBER 22, 1977.

*George & George, William V. George,* for appellant.
*Swift, Currie, McGhee & Hiers, Richard S. Howell,
W. Wray Eckl,* for appellees.