## 58579. OUTLER v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY.

SHULMAN, Judge.

This is an appeal from the superior court's affirmance of the State Board of Workers' Compensation order denying appellant's application for an award based on his "change in condition." See Code Ann. § 114-709. We reverse.

Since the board's conclusions of law were based on the then proper, but since declared erroneous, legal theory that claimant could only recover upon a showing that his physical condition had worsened (see *Hartford Acc. &c. Co. v. Bristol,* 242 Ga. 287 (248 SE2d 661)), the board's determination and the superior court's affirmance must be reversed.

The fact that the board found that claimant was willing and able to return to his former employment (from which he was terminated for reasons unrelated to his disability) does not preclude a finding that he was nevertheless unable to secure other suitable employment because of his previous accidental injury. Indeed, in its finding of fact the board determined that prospective employers refused claimant employment upon learning of his accident-related injuries (and that although claimant attempted to drive a truck, his injuries rendered truck driving unsatisfactory employment). Thus, contrary to appellee-employer's contentions, there was probative evidence of claimant's efforts to secure suitable

employment and evidence "that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." Id., p. 288.

Therefore, since the board's award was based on an erroneous legal theory which precluded its consideration of evidence authorizing a contrary result, the judgment of the superior court affirming the board's award (although not on the theory of law relied upon by the board) must be reversed. See *Home Ins. Co. v. Burnett,* 146 Ga. App. 355 (246 SE2d 394), and this writer's dissent therein.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

SUBMITTED SEPTEMBER 6, 1979 — DECIDED NOVEMBER 19, 1979.

*Fred S. Clark,* for appellant.
*Sandra J. Evans,* for appellee.