68480. J & M TRANSPORTATION COMPANY et al. v. CROWE.
(325 SE2d 412)

POPE, Judge.

While engaged in his employment with appellant-employer, on June 4, 1981 appellee-claimant fell thirteen feet from a ladder injuring his lower back and left leg[1] requiring treatment by Dr. Lehman, a specialist in orthopedic medicine. Appellee received workers' compensation benefits until such were terminated upon his return to work on July 27, 1981. Appellee's return to work slip signed by Dr. Lehman stated that appellee could return to perform his normal duties. However, by deposition Dr. Lehman testified that as a matter of general policy upon a claimant's request, he specified "normal duties" instead of limited duties because of the claimant's insistence or fear that the more appropriate return to limited or restricted duty might cause the termination of his employment. Further, the doctor testified that he believed that appellee's return-to-work slip was one of those instances. Appellee testified that the duties he actually performed upon his July 27, 1981 return were essentially restricted to those not involving stooping or lifting. On July 31, 1981 due to personnel lay-offs caused by appellant's economic conditions, appellee was terminated from his employment.

---

[1] Appellee had suffered injuries to his back, right shoulder and right ankle in a similar, previous, on-the-job injury on March 5, 1981. Workers' compensation benefits were paid by appellant's insurer at that time. On June 4, 1981 appellant was insured by a different insurer. It is not controverted that appellee suffered two separate accidents. The insurer for the March 1981 injury is not a party to this case.

On October 2, 1981 appellee instituted proceedings to resume his workers' compensation benefits. The administrative law judge (ALJ) found that on July 31, 1981 appellee, "when terminated in a general work force reduction, underwent a change in economic condition for the worse." The ALJ supported this finding with, inter alia, specific evidence of appellee's ongoing medical problems related to the June 4, 1981 injury and the statement that "subsequent to claimant's return to work and termination, employer made no offer of suitable employment." The ALJ awarded compensation to appellee and further ordered that a 15% penalty be added to the accrued benefits. The full board, one member dissenting, adopted the ALJ's award with the following exception. Based on Dr. Lehman's testimony, the board found that appellee's work status as of July 31, 1981, the date of termination, was restricted to light duty. The board concluded that such restriction, "followed by job termination resulting in a[n] economic loss which is injury-related, *absent a showing by the employer/insurer of any other suitable work available for the claimant's impaired condition,* requires reinstatement of benefits under [OCGA] § 34-9-261 from the date of termination. Since the employer/insurer have not done so within the required time, a violation of [OCGA] § 34-9-221 (e) has occurred, and the imposition of a 15% increase is in order for all income benefits not paid within 14 days after becoming due without an award." (Emphasis supplied.) The superior court affirmed the full board's award.

1. Appellant contends that the superior court erred in affirming the award of the full board because the ALJ as well as the board applied an incorrect theory of law in granting compensation. We agree.

The correct standard has recently been reiterated in *Gilmer v. Atlanta Housing Auth.*, 170 Ga. App. 326, 327 (316 SE2d 535) (1984): "It is well settled that where an employee returns to work following a disabling injury and is then discharged for a cause unrelated to the injury, he is entitled to receive benefits for loss of earning capacity *if he is unable to find other employment because of his disability.*" (Emphasis supplied.) The claimant has the burden of proof "to show that his inability to secure suitable employment elsewhere was proximately caused by his previous accidental injury." *Hartford Accident &c. Co. v. Bristol*, 242 Ga. 287, 288 (248 SE2d 661) (1978). "Change of condition" issues arise often in two distinct contexts: one in which the claimant is injured, receives compensation, returns to work and subsequently makes a claim for *resumption* of compensation benefits; the other in which the claimant is paid compensation benefits and the *employer seeks to terminate* those payments based upon the employer's assertion that the claimant is no longer disabled. Hiers and Potter, as quoted in *Cornell-Young &c. v. Minter*, 168 Ga. App. 325, 328 (309 SE2d 159) (1983), explained the burden of proof relative to

each situation: " 'If an employee has actually returned to work after having received compensation, and then alleges a further inability to work, then the burden of proof is upon that employee to show that he has undergone a change in condition. If, however, the employer and insurance carrier unilaterally suspend benefits based upon their allegation that the employee has the ability to return to work, then the burden of proof is upon the employer and insurance carrier to justify their suspension of benefits.' Ga. Workers' Compensation [ — Law and Practice] § 23-6, p. 226." To justify *termination* of benefits in the second situation, the *employer* has the burden of proof to show: (1) a physical change for the better in the claimant; (2) the ability to return to work as a result of the physical change; and (3) that suitable work is available. See *Sadie G. Mays Mem. Nursing Home v. Freeman*, 163 Ga. App. 557 (3) (295 SE2d 340) (1982); *Peterson/Puritan v. Day*, 157 Ga. App. 827 (278 SE2d 674) (1981).

Bearing in mind the two different standards set out above, we turn to the ALJ's award as adopted by the full board. The basis for the award is unclear when viewed in light of the findings. Although the award stated that the claimant had the burden at hearing and that the claimant had undergone a loss in earning capacity, i.e., a continuing economic change of condition for the worse, the ALJ's findings as adopted and amplified by the full board make it apparent that the burden of proof was placed upon the employer to show that suitable work was available and/or offered to claimant. This, coupled with the emphasis within the finding upon the meaning and effect of Dr. Lehman's return-to-work slip and the findings of appellee's ongoing medical treatment, leads to the conclusion that the ALJ and the board applied the standard for ascertaining change of condition when the employer seeks to *terminate* benefits, the second situation discussed, supra. If so, the award was predicated upon an erroneous legal theory.

If, however, the award was based upon the proper standard, the findings as written do not support the award. "[A]n employee who has returned to work and who no longer receives compensation benefits is not entitled to a resumption of those benefits after termination for cause unless he has subsequently suffered an economic change in condition. The requisite economic change in condition exists when the employee is able to demonstrate that, as a proximate result of his previous work related injury, he is unable to secure suitable employment elsewhere." *Ga. Power Co. v. Brown*, 169 Ga. App. 45, 49 (311 SE2d 236) (1983). Aside from the conclusion of an economic change of condition, no findings were made as to the showing of appellee's inability to secure suitable employment due to his on-the-job injury. The factual posture of this case is closely akin to that presented in *Ga. Power Co. v. Brown*, supra, wherein this court found: "The award makes no

findings whatsoever with regard to whether appellee's inability to secure other . . . employment after he was terminated by appellant was the result of the . . . injury he suffered while in appellant's employment." Id. at 50. Even though the order of the superior court affirming the full board recited the proper standard, it is necessary that the requisite findings of fact be made by the full board, rather than the court. See generally *New Hampshire Ins. Co. v. Riddle*, 126 Ga. App. 96 (3) (190 SE2d 100) (1972). In the present case, as in *Ga. Power Co. v. Brown*, supra at 50, "[t]he superior court erred in affirming the award and in failing to return the case to the full board so that appropriate findings based upon the correct legal theory of 'change of condition' might be made. See *Outler v. Southern Bell Telephone &c. Co.*, 152 Ga. App. 424 (263 SE2d 230) (1979)." See also *Cornell-Young &c. v. Minter*, supra at (2).

2. Appellant also enumerates as error the order of the superior court affirming the board's imposition of a 15% penalty pursuant to OCGA § 34-9-221 (e). The award of the full board clearly imposed the penalty based at least in part upon appellant's failure to show that suitable work was available for appellee. As explained in Division 1, appellant has no burden on this issue and it is not relevant to this situation. Since the propriety of the imposition of the 15% penalty is necessarily affected by the board's findings of fact upon reconsideration, this issue should also be addressed by the board when the case is returned.

*Judgment reversed with direction. Banke, P. J., and Benham, J., concur.*

DECIDED NOVEMBER 20, 1984 —
REHEARING DENIED DECEMBER 10, 1984.

*Michael K. Jablonski, Richard G. Farnsworth*, for appellants.
*Clarence R. Horne, Jr., Richard C. Kissiah*, for appellee.