73535. STATE OF GEORGIA et al. v. GRAUL.
(353 SE2d 70)

McMURRAY, Presiding Judge.

In this workers' compensation case, we granted the employer's application for a discretionary appeal.

Claimant, Lenoy Graul, was employed as the assistant food director for Abraham Baldwin Agricultural College. She suffered a low back injury on August 17, 1984, when she tried to move a table. Claimant notified the employer of her injury and she continued working for a few days until the food service operation closed for a quarter break.

On August 25, 1984, claimant sought medical treatment for low back pain. She was treated symptomatically by an orthopedic surgeon and was instructed to limit her activities.

When the food service operation started up in September 1984, claimant returned to work and worked intermittently during September and October on account of continued low back pain. Her activities were limited primarily to supervisory functions.

Claimant continued to work on restricted duty until December 6, 1984. At that time, the food service operation was closed once again for a quarter break. In the meantime, the employer contracted with a third party, ARA Catering Service ("ARA"), to provide food services at the college beginning January 1, 1985. One part of the contract called upon ARA to hire claimant as the catering manager.

Claimant was still suffering from a considerable amount of back pain when the new year approached. Accordingly, she asked ARA if she could work on a part-time basis and be permitted to take a sit-down break when she felt the need to do so. Claimant was advised by ARA that she could not return to work unless she was physically able to perform all of the duties which she performed prior to her 1984 injury. Claimant was not able to return to work upon that condition.

By using her sick leave or annual leave benefits for the days she did not work, claimant received her full salary until February 18, 1985. Claimant's medical expenses were paid by the employer. In the meantime, on January 25, 1985, the employer sent a letter to claimant which read in part: "We have determined after calculating your sick

leave that you have enough sick leave accumulated to carry you through February 18, 1985. After that date you would be placed on Workers' Compensation at a reduced rate."

Claimant did not return to work. On February 18, 1985, claimant used up her accumulated sick and annual leave. Thereafter, on March 11, 1985, the employer filed a notice to controvert claimant's entitlement to workers' compensation benefits. The notice specified that the employer denied "any loss time after 10-22-84."

Claimant requested a hearing. The parties stipulated that claimant suffered an injury by accident arising out of and in the course of employment on August 17, 1984; that the employer was given timely notice of the injury; and that claimant was paid her full salary at all times between the time of injury and February 18, 1985.

After hearing evidence, the administrative law judge found that claimant was paid her full salary, as sick or annual leave, in lieu of workers' compensation benefits at all times she was absent from work following her 1984 injury. Thus, the administrative law judge concluded that the burden of proof was on the employer to show a change in condition in the wage earning capacity, physical condition, or status of claimant and that it was incumbent on the employer to show claimant was able to work and suitable work was available. It was determined that claimant was able to perform suitable light work. The administrative law judge found, however, that the employer failed to demonstrate such work was available to claimant. In this regard, a finding was made that claimant was unable to perform the job which was offered to her in January 1985, because she continued to suffer low back pain as a result of her 1984 injury.

An award was entered ordering the employer to pay claimant total disability income benefits commencing February 19, 1985, and also to pay attorney fees for the services of claimant's attorney. That assessment was based upon the employer's failure to file the notice to controvert in a timely fashion. The employer appealed to the full board.

The board adopted the decision of the administrative law judge and added that the employer failed to file a Form No. WC-2 in order to reflect that claimant received sick and annual leave payments in lieu of compensation. Accordingly, the board imposed a $500 penalty against the employer pursuant to OCGA § 34-9-18 (a).

The employer appealed to the superior court which affirmed the decision of the board. *Held*:

1. The employer contends it was improperly saddled with the burden of proof. In this regard, the employer argues that claimant returned to work following her injury and that, therefore, she had the burden of proving a change in condition.

We realize that the burden of proving a change in condition lies

upon a claimant who has returned to work after receiving compensation. *J & M Transp. Co. v. Crowe*, 173 Ga. App. 13, 15 (325 SE2d 412). Claimant did return to work for awhile. Ultimately, however, claimant ceased working and she was not working when the employer unilaterally suspended benefits on February 18, 1985. Under these circumstances, the burden was placed properly upon the employer to justify the suspension of benefits. *J & M Transp. Co. v. Crowe*, 173 Ga. App. 13, 15, supra.

The employer contends claimant never received workers' compensation benefits and that, therefore, it did not suspend them. It argues that claimant simply used up her annual and sick leave outside of the workers' compensation scheme. We disagree. The evidence was sufficient to demonstrate that claimant was paid her full salary in lieu of workers' compensation benefits *until February 18, 1985*. This is what the fact finder found and we are bound by its determination. *Spalding County Commissioners v. Tarver*, 167 Ga. App. 661, 662 (307 SE2d 58).

If claimant had been paid her salary only through December 1984, we might be compelled to view this case differently. After all, claimant worked intermittently from the day she was injured until December 6, 1984, when a regularly scheduled quarter break began. It would have been difficult for the employer to divine whether claimant was paid in lieu of compensation or, very simply, for the quarter break. But such is not the case. Claimant was unable to return to work in January 1985 because of a work connected injury. Nevertheless, claimant was paid her full salary until February 18, 1985.

2. OCGA § 34-9-221 (i) provides: "Where compensation is being paid with or without an award and an employer or insurer elects to controvert on the grounds of a change in condition or newly discovered evidence, the employer shall, not later than ten days prior to the due date of the first omitted payment of income benefits, file with the board and the employee or beneficiary a notice to controvert the claim in the manner prescribed by the board." The administrative law judge and a majority of the board ordered the employer to pay attorney fees for the services of claimant's attorney.

The employer contends the attorney fee assessment was improper since claimant was not clearly being paid without an award. Thus, it argues, it should not be penalized for failing to controvert the claim sooner. This argument must fail in light of our ruling in Division 1.

3. In imposing the $500 penalty against the employer the board made the following findings: "In all cases where an employee is paid salary in lieu of weekly benefits pursuant to State Personnel Board Rules and Regulations, the State of Georgia is required to file a WC2 which shall state: 'Employee elects to receive salary in lieu of weekly

benefits.' . . . The Board finds employer/self-insurer failed to submit a WC2 as required by Board Rule 220, reflecting the claimant was receiving salary in lieu of compensation. A civil penalty under the provisions of Code § 34-9-18 (a) is thus appropriate."

OCGA § 34-9-18 (a) provides for a penalty where an employer or insurer *"willfully* fails to file any form or report required by the board . . ." (Emphasis supplied.) The employer contends the penalty was imposed improperly because no finding of willfullness was made by the board. It also contends such a finding is not supported by the evidence. We disagree. The board found that a penalty was authorized under OCGA § 34-9-18 (a). Thus a finding of "willfullness" was implicitly made by the board. *Smith v. Byess,* 127 Ga. App. 39, 40 (192 SE2d 552). See also *Royal Indem. Co. v. Manley,* 115 Ga. App. 259, 260 (154 SE2d 278). Moreover, the evidence supports the board's finding in this regard. The employer was consciously indifferent to its obligation to file the requisite form (at least after January 1, 1985, when it was clear that claimant was being paid her full salary in lieu of compensation). Such a conscious indifference was the equivalent of willfullness. *Smith v. Byess,* 127 Ga. App. 39, 40, supra at p. 41.

The employer also contends the imposition of the penalty was erroneous because it was based, at least in part, upon State Personnel Board Rules and Regulations which are inapplicable in this case since claimant was in the unclassified service of the State Merit System. (See OCGA § 45-20-2 (15) (I) and OCGA § 45-20-6 (b).) This contention is without merit. The reference to the State Personnel Board Rules and Regulations notwithstanding, it is clear that the penalty was imposed for the employer's willful failure to file a form in accordance with the Rules and Regulations of the State Board of Workers' Compensation.

*Judgment affirmed. Pope, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED JANUARY 21, 1987.

*Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Wayne P. Yancey, Senior Assistant Attorney General, Susan L. Rutherford, Assistant Attorney General,* for appellants.

*M. Stan Ballew,* for appellee.