A89A2251. GRIER v. PROCTOR et al.
(393 SE2d 18)

COOPER, Judge.

Appellant brought this action against his employer, the association of self-insurers to which his employer belongs and the servicing agent, as a result of the temporary (ten-week) cessation of the payment of his workers' compensation benefits which, according to appellant, occurred without prior notice to him. Upon such cessation, appellant requested the administrative law judge ("ALJ") to issue an interlocutory order requiring appellees to show cause why they should not resume payment, pay a 15 percent late penalty under OCGA § 34-9-221 (e), pay a civil penalty of $250 under OCGA § 34-9-18 (a) and pay attorney fees under OCGA § 34-9-108 (b) (1) and (2). After the order was issued, appellees submitted a letter stating that cash flow and excess reimbursement problems required the self-insurers' fund to temporarily cease payment of benefits; that this problem had been communicated to the State Board of Workers' Compensation and the Insurance Commissioner; that they were hopeful payments would be resumed promptly; and that they would pay the 15 percent late penalty. The final order of the ALJ, issued approximately one month after the interlocutory order, suspended action upon a determination

that the appellees had again complied with their obligation to pay benefits plus payment of the 15 percent penalty. No evidentiary hearing was ever requested by the parties or conducted by the ALJ. In his brief, appellant states that the interlocutory order was requested by his counsel pursuant to Rule 100 of the State Board of Workers' Compensation, which provides for dispute resolution without a hearing. The full board affirmed the ALJ's order as did the superior court. We also affirm.

1. Appellant first contends that the superior court erred in affirming the award because the award failed to assess a civil penalty against appellees pursuant to OCGA § 34-9-18 (a), which states that a civil penalty between $100 and $1,000 "shall be assessed" against any employer or insurer "who willfully" fails to file any required form or report, fails to follow any order or directive of the board or violates any rule or regulation of the board. Appellant urges that since appellees did not comply with OCGA § 34-9-221 (c), which requires notice to the board and the employee upon any suspension of payment in accordance with forms prescribed by the board, or with board regulations promulgated pursuant thereto, that the civil penalty must be assessed against appellees.

The language of § 34-9-18 (a) is mandatory *if* a finding of wilfulness is made by the factfinder, either explicitly or implicitly (*State v. Graul*, 181 Ga. App. 573 (3) (353 SE2d 70) (1987)), and if that finding is supported by the evidence. Id. In the case *sub judice*, no evidentiary hearing from which a finding of wilfulness could be made, was held. Under Rule 100 of the State Board of Workers' Compensation, the parties invoking the rule waive any right to a full evidentiary hearing and the resolution reached has the same effect as if such a hearing was conducted. Thus, there is no evidence in the record authorizing a finding of wilfulness or the imposition of a civil penalty. In fact, the letter submitted by the appellees indicates the contrary. We will not vitiate the method of dispute resolution chosen by appellant, provided for by the board and implemented by the ALJ, by assuming evidence that was not in fact presented to the ALJ or to the board. Since there was no error of fact or of law made by the ALJ or the board, the superior court correctly affirmed the ruling. See *Carroll v. Dan River Mills*, 169 Ga. App. 558 (1) (313 SE2d 741) (1984).

2. In his second enumeration, appellant asserts error in the superior court's affirmance of the board's ruling that attorney fees under OCGA § 34-9-108 (b) (1) or (2) should not be assessed against appellees. Under either of these statutes, attorney fees *may*, in the discretion of the ALJ or the board (*Copelan v. Burrell*, 174 Ga. App. 63 (2) (329 SE2d 174) (1985)), be assessed provided that a finding is made that appellees acted "without reasonable grounds." *Sadie G. Mays &c. Home v. Freeman*, 163 Ga. App. 557 (4) (295 SE2d 340) (1982).

Although the orders of the ALJ and the board are silent as to whether reasonable grounds existed, the letter submitted by appellees is ample evidence to support the conclusion that appellees had reasonable grounds for their actions, and the superior court's affirmance on that issue was not error. Id.

3. Appellant, in his third enumeration, contends that error occurred because the board ruled differently in another factually similar case involving appellees and a different claimant, wherein penalties and attorney fees were assessed. The case referred to by appellant was not offered for consideration by the ALJ or the board and was not in the record to the superior court or this court. Consequently, we cannot consider the argument based upon that case. See *Hartford Accident &c. Co. v. Dutton*, 116 Ga. App. 535 (158 SE2d 272) (1967); *Turner v. American Mut. &c. Ins. Co.*, 109 Ga. App. 721 (137 SE2d 385) (1964).

*Judgment affirmed. Birdsong, J., concurs. Deen, P. J., concurs in judgment only.*

ON MOTION FOR REHEARING.

In our opinion, we hold that on appellate review, we cannot reverse the ruling of the factfinder by making a determination of "wilfulness" when there is no evidence in the record to support such a finding. Any such evidence and arguments in support thereof should have been presented to the factfinder for initial determination so that such evidence could have been reviewed on appeal. Further, the award of attorney fees is discretionary and evidence supporting the ALJ's decision was in the record to review.

*Rehearing denied.*

DECIDED MARCH 13, 1990 —
REHEARING DENIED MARCH 27, 1990 —

*Denise Hemmann*, for appellant.
*Nancy R. Foster, H. Frasier Corbin*, for appellees.